918 F.2d 557
 13 UCC Rep.Serv.2d 797
 FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, As Receiver
for Commodore Savings Association, et al., Plaintiffs,
v.
R. Judd CRIBBS, etc., et al., Defendants.
CONSOLIDATED FEDERAL SAVINGS BANK, Intervenor-Appellee,
v.
R. Judd CRIBBS, etc., Defendant-Appellant.
 No. 90-2492
 Summary Calendar.
United States Court of Appeals,
Fifth Circuit.
 Dec. 7, 1990.
 
 Patricia Hair, Crain, Caton & James, Houston, Tex., for defendant-appellant.
 Steven Lownds, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for intervenor-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 R. Judd Cribbs appeals an adverse partial summary judgment in favor of Consolidated Federal Bank FSB (CFB), the assignee of the assets of two banks placed under the receivership of the Federal Savings and Loan Insurance Corporation (FSLIC). Finding no error, we affirm.
 
 Background
 
 2
 In August 1985, Cribbs executed a personal guaranty of a $3.2 million dollar note payable to eight Texas savings and loan institutions (the S & Ls).[1] The maker of the note was C-10 West Belt, Ltd. (C-10), of which Cribbs was the general partner. When C-10 missed its first interest payment the following month the S & Ls accelerated the note and foreclosed on the secured property. A subsequent foreclosure sale resulted in a $998,982.99 deficiency on the note, plus interest, for which the S & Ls brought suit in state court in Harris County, Texas. Cribbs answered, asserting affirmative defenses of fraud in the inducement and usury, and counterclaiming against all eight plaintiffs for indemnity or contribution, fraud, usury, and breach of the fiduciary duties of joint venturers. Later, one of the S & Ls failed, and the FSLIC became its receiver. The FSLIC removed the case. On the day that two of the other S & Ls were declared insolvent the FSLIC assigned the assets of the failed S & Ls to CFB. CFB then intervened in the instant case.
 
 
 3
 The district court granted CFB summary judgment against Cribbs, as guarantor of 25% of the note, and rejected Cribbs' counterclaim. The court then certified the summary judgment under Fed.R.Civ.P. 54(b), making the partial summary judgment immediately appealable. Cribbs timely appealed.
 
 Analysis
 
 4
 On appeal Cribbs first maintains that the Rule 54(b) certification was improvidently granted, arguing that CFB did not present adequate evidence upon which the district court could base its certification. We do not agree.
 
 
 5
 We will vacate a Rule 54(b) certification only if we find that the trial court abused its discretion. Skinner v. W.T. Grant Co., 642 F.2d 981 (5th Cir.1981). Cribbs invites our attention to several cases which indicate that to avoid piecemeal appeals such certification is only to be used in the "infrequent harsh case," e.g., Ryan v. Occidental Petroleum Corp., 577 F.2d 298 (5th Cir.1978). This myopic approach was rejected by the Supreme Court over a decade ago in Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), which found the prior rubric "neither workable nor entirely reliable as a benchmark for appellate review." While we continue to view the minimization of piecemeal appellate practice as an important jurisprudential interest, the relationship between one claim or party and others in the same action may be so attenuated as to encourage Rule 54(b) certification. The district court is in the best position to determine such relationships, and its determination will be overturned only if clearly unreasonable.
 
 
 6
 In the instant case, CFB's claim against Cribbs is clearly distinguishable from that of the other plaintiffs, given CFB's position as an assignee of failed S & L institutions' assets. As we note infra in our discussion of Cribbs' second and third assignments of error, factual questions under state law involving the validity of holder in due course status for the other plaintiffs are not applicable to CFB. Further, Cribbs' contention that CFB introduced insufficient evidence to support the district court's findings is wholly unavailing. No such requirement exists for a Rule 54(b) motion. In sum, the district court did not abuse its discretion in certifying this judgment for appeal.
 
 
 7
 Cribbs' second contention is that CFB purchased the C-10 note and guaranty held by the failed S & Ls in a bulk transaction, with notice that they were already overdue, and that such notice in the context of a bulk transfer precludes holder in due course status for CFB. Tex.Bus. & Comm.Code Ann. Sec. 3.302 et seq. We rejected an identical contention in Campbell Leasing, Inc. v. FDIC, holding that "the FDIC and subsequent note holders enjoy holder in due course status whether or not they satisfy the technical requirements of state law.... This rule 'promotes the necessary uniformity of law in this area while it counters individual state laws that would frustrate basic FDIC objectives.' " 901 F.2d 1244, 1249 (5th Cir.1990) (citations and abridgements omitted). As the holder in due course of the C-10 note, CFB is immunized from the personal affirmative defenses posited by Cribbs.
 
 
 8
 Cribbs' third assignment of error, that CFB as a private entity and assignee of the FSLIC, is not entitled to the same protections of the D'Oench, Duhme doctrine[2] as the FSLIC is wholly meritless. We recently held expressly to the contrary. Bell & Murphy & Assocs. v. Interfirst Bank Gateway, 894 F.2d 750 (5th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990).
 
 
 9
 Finally, Cribbs attacks the summary judgment because of the pendency of a motion to compel CFB to produce documents which he claimed were necessary to establish defenses against each of the plaintiff S & Ls, including those not in receivership. The district court issued a protective order in favor of CFB pursuant to Fed.R.Civ.P. 26(c), staying discovery until disposition of the summary judgment motions. Cribbs' contention presupposes that the documents could be of assistance, as a matter of law, in defense against CFB's claim. We disagree. CFB's federal holder in due course status, Campbell Leasing, 901 F.2d at 1249, and protection as an assignee of the FSLIC under the D'Oench, Duhme doctrine, render Cribbs' affirmative defenses patently ineffectual. To have permitted Cribbs to undertake extensive discovery absent any indications that he would have been able to assert a viable defense based on the documents he sought would have added needless costs and delay, while serving no valid purpose. This claim of error also is without merit.
 
 
 10
 The summary judgment is AFFIRMED.
 
 
 
 [1]
 Commodore Savings Association, First Federal Savings & Loan Association of Temple, Texas; Independent American Savings Association; Jasper Federal Savings & Loan Association; Olney Savings Association; Southwest Savings Association; Southwest Savings & Loan Association; and First Federal Savings & Loan Association of Big Springs, Texas
 
 
 [2]
 D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) (codified at 12 U.S.C. Sec. 1823(e))