# CIRCUIT COURT OF FAIRFAX COUNTY

Union Recovery, L.P.

v.

Horton
and Leipzeg

December 4, 1995

Case No. (Law) 144826

BY JUDGE M. LANGHORNE KEITH

On November 17, 1995, the Court sustained Defendants' Pleas in Bar based on Virginia's five-year statute of limitations. On November 29, 1995, Plaintiff, Union Recovery Limited Partnership ("Union") moved the Court to reconsider its decision. For the reasons set forth below, the Court declines to reconsider.

The issue in this case is whether the six-year statute of limitations provided for in 12 U.S.C. § 1821(d)(14) (the "RTC Statute") or the five-year statute of limitations set forth in Va. Code Ann. § 8.01-246.2 (the "Virginia Statute"), controls in this suit on a note made by Defendant Horton and guaranteed by Defendant Leipzeg. The Resolution Trust Corporation ("RTC") assigned the $80,000.00 note ("Note") to Union. The Note provides that it is payable "on demand, but if no demand is made then on July 1, 1990." Thus under applicable Virginia law, the Statute of Limitations began running on July 2, 1990. Va. Code Ann. § 8.3-122(a). Union filed its suit on August 30, 1995, and if the Virginia Statute applies, Union's lawsuit is barred.

The RTC statute provides that "the applicable statute of limitations with regard to any action *brought by* the Corporation [FDIC] as conservator or receiver" (emphasis added), shall be the longer of six years beginning on the date the claim accrues or the limitations period applicable under state

law. 12 U.S.C. § 1821(d)(14)(A)(i).[2] Moreover for purposes of the RTC statute, a claim begins to run on the date the RTC is appointed as conservator or receiver or the date the cause of action accrues, whichever is later. 12 U.S.C. § 1821(d)(14)(B). The Note was payable to and held by the Federal Savings Bank of Virginia, FSB, and the RTC was appointed the savings bank's receiver on April 10, 1992. Thus, the RTC would have until April 9, 1998, to bring an action on the Note and Union asserts that it "stands in the shoes" of the RTC.

The plain language of the RTC Statute applies only to actions brought by the RTC as a receiver and is silent on whether the statute applies to assignees of the RTC. Nonetheless, Union cites numerous cases wherein courts have filed in that statutory gap. Those cases hold that as an assignee stands in its assignor's shoes, and public policy compels giving assignees the benefit of the RTC statute of limitations,[3] such assignees are subject to the RTC Statute and not the applicable state limitations period. *F.D.I.C. v. Bledsoe*, 989 F.2d 805 (5th Cir. 1993); *Mountain States Financial Resources Corp. v. Agrawal*, 777 F. Supp. 1550 (W.D. Okla. 1991); *Cadle Co. II, Inc. v. Stamm*, 633 So. 2d 45 (Fla. Dist. Ct. App. 1994); *Cadle Co. II, Inc. v. Lewis*, 864 P.2d 718 (Kan. 1993), cert. denied 114 S. Ct. 1613 (1994); and *Namm Portfolio, LLC v. Kilwaiths Associates II* (Cir. Ct. Arlington Co., April 21, 1995) (Kendrick, J.).

The defendants rely on *Wamco, III, Ltd. v. First Piedmont Mortg. Corp.*, 856 F. Supp. 1076 (E.D. Va. 1994), which held, on facts similar to the case at bar, that Virginia's five-year statute applied. The *Wamco* decision was based on (1) the plain language of the RTC Statute, (2) the law of assignments (which the Wamco court found *Bledsoe* and other decisions had misconstrued), and (3) Va. Code Ann. § 8.3-201(1) which provided that "transfer of an instrument vests in the transferee such rights as the transferor has therein . . . ." Citing Hawkland & Lawrence UCC Series § 3-201:02, *Wamco* held that this language meant such rights as the transferor had in the instrument and not the status of the transferor. *Id.* at 1087.

---

[2] When acting as a receiver, the RTC is an agent of the United States and has the same rights and powers as the FDIC under 12 U.S.C. §§ 1821-1823. 12 U.S.C. § 1441a(b)(4)(A).

[3] The failure to allow private transferees to take advantage of the RTC statute, courts find, would shrink the private market for the assets of failed banks and require the RTC to hold onto assets and prosecute actions itself. *F.D.I.C. v. Bledsoe, supra* at 811; *Fall v. Keasler*, 1991 WL 340182 at page 4 (N.D. Cal); *Tivoli Ventures, Inc. v. Bumann*, 870 P.2d 1244, 1250 (Colo. 1994).

Union argues that the UCC leg of *Wamco* has been sawn off by the January 1, 1993, changes to Article 3 of the UCC.[4] Va. Code Ann. § 8.3A-203 now provides that the transfer of an instrument "vests in the transferee any right of the transferor to enforce the instrument." Union asserts that one of those rights was the RTC's "right" to rely on the six-year limitations period and thus Union enjoys that right as the RTC's assignee. But the official comment to § 8.3A-203 makes it clear that the change from former § 8.3-201 was not intended to change the substantive law of what rights are transferable by an assignor but rather to clarify what rights a transferee can receive as a result of such transfer. Va. Code Ann. § 8.3A-203, *Official Comment* at 1. In addition, even if this Court accepts Union's reading of § 8.3A-203,[5] such a reading would not undermine the fundamental underpinning of *Wamco*, that is, that *Bledsoe* and similar cases ignore the plain language of the RTC Statute:

> It is no doubt true that there are valid policy reasons which can be advanced for interpreting the statute in another fashion. However, that is a matter for the legislature, not for the courts, and where, as here, Congress has spoken plainly to confer a benefit on a particular entity functioning in a particular status, it is not for the courts to assess the various policy considerations which would support having the statute to provide otherwise.

*Wamco, supra*, at 1087-88.

Finally, the bald assertion that somehow a statute of limitations creates a "right" to bring an action does not bear analysis. A statute of limitation neither creates nor destroys the right of a holder of an instrument, it bars only the remedy. *School Bd. of the City of Norfolk v. United States Gypsum*, 234 Va. 32, 37 (1987).

For the foregoing reasons, the Court concluded that Defendants' Plea in Bar was well taken and I decline to reconsider my ruling.

---

[4] The note in *Wamco* was transferred in 1992 so this change was inapplicable. *Wamco, supra*, at 1087.

[5] Under Union's theory of the case the latest this action could have accrued is April 10, 1992, and new Article 3A of Virginia's UCC was not applicable to actions accruing before January 1, 1993.