## CIRCUIT COURT OF FAIRFAX COUNTY

Federal Financial Co.

v.

Frank Howard

June 7, 1996

Case No. (Law) 141097

BY JUDGE GERALD BRUCE LEE

This matter is before the Court upon Defendant's, Frank Howard, Plea in Bar to Plaintiff's, Federal Financial Company, Motion for Judgment. The issue presented is whether Plaintiff's ("FFC") claim for recovery on a promissory note is governed by the five-year statute of limitations provided for in Va. Code Ann. § 8.01-246.2 (1992) ("Virginia Statute of Limitations") or the federal six-year statute of limitations provided for in 12 U.S.C. § 1821(d)(14) ("RTC Statute"). Howard executed a promissory note payable to the order of Federal Savings Bank of Virginia on January 31, 1990. Federal Savings Bank of Virginia went into receivership on April 10, 1991. The Resolution Trust Corporation ("RTC") assigned Defendant's Note and credit line agreement to FFC on December 8, 1994. Howard contends that FFC is an assignee of a demand note and that FFC's Motion for Judgment is barred by the five-year statute of limitations set forth in Va. Code Ann. § 8.01-246. In response, FFC contends that as the assignee of a note from the RTC, it succeeds to the rights and privileges held by the RTC. FFC maintains that as an assignee of the RTC, it is entitled to the six-year statute of limitations provided for in 12 U.S.C. § 1821(d)(14). Having considered the authorities and arguments of counsel, the Court holds that Defendant's Plea in Bar is overruled.

### Facts

Frank Howard, a Virginia resident, executed a promissory note ("Note") payable to Federal Savings Bank of Virginia on January 31,

1990, in the amount of $50,000.00. Federal Savings Bank of Virginia went into receivership on April 10, 1991. The RTC, as receiver of Federal Savings Bank of Virginia, assigned Howard's Note and credit line agreement to FFC, an Illinois Partnership, on December 8, 1994. FFC made repeated demands upon Howard for repayment of the Note. Howard refused to pay the Note. FFC filed a Motion for Judgment against Howard on May 22, 1995.

### Characterization of the Note

FFC seeks to enforce a promissory note made by Howard in the principal amount of $50,000.00 and payable to the order of Federal Savings Bank of Virginia. The relevant portion of the Note provides the following:

> Interest: I agree to pay accrued interest on demand, but if no demand is made, monthly beginning November 15, 1989.
> Principal: I agree to pay the principal on demand, but if no demand is made, then on April 15, 1991.

Plaintiff's Motion for Judgment, Exhibit 1.

The Court holds that the Note is a demand instrument. Negotiable instruments must be payable on demand or at a definite time. See Va. Code §§ 8.3-108 and 8.3-109. Section 8.3-108 of the Code of Virginia provides that "Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated." The words "On Demand" are clearly written on the face of the instrument. The existence of a date on the Note in the event that demand is not made prior to April 15, 1991, does not negate the Note's characterization as a demand instrument. *See Wamco, III, Ltd. v. First Piedmont Mortgage Corp.*, 856 F. Supp. 1076 (E.D. Va. 1994).

The Statute of Limitations on a demand instrument accrues at the date of the note or the date of issue if the note is undated. Va. Code Ann. § 8.3-122(2); *Guth v. Hamlet Associates, Inc.*, 230 Va. 64, 334 S.E.2d 558 (1985). The Note was executed on January 31, 1990. Thus, the statute of limitations began to run on January 31, 1990, and if the Virginia Statute of Limitations applies, then FFC's claim is barred. Va. Code Ann. § 8.3-122(2).

The RTC statute provides that a claim begins to run the later of the date the RTC is appointed as conservator or receiver or the date the cause of action accrues. 12 U.S.C. § 1821(d)(14)(B). The cause of action accrued on January 31, 1990, and the RTC was appointed conservator on April 10,

1991. Therefore, the RTC would have until April 9, 1997, to bring an action on the Note against Howard.

## Statute of Limitations

The threshold issue presented is whether the six-year statute of limitations enjoyed by the RTC was transferred to FFC upon the RTC's assignment of Howard's Note to FFC. Howard argues that FFC's Motion for Judgment is barred by Virginia's five-year statute of limitations. Va. Code Ann. § 8.01-246. Howard contends that the plain language of the RTC Statute supports its contention that the RTC Statute applies only to actions brought by the RTC and does not apply to assignees of the RTC. 12 U.S.C. § 1821(d)(14). Howard relies on the *Wamco, III, Ltd. v. First Piedmont Mortgage Corp.*, 856 F. Supp. 1076 (E.D. Va. 1994), line of cases in support of its contention.

The Fourth Circuit has not ruled on this issue to date. Two additional district court judges within the Eastern District of Virginia have adopted Judge Payne's analysis in *Wamco, III, Ltd. v. First Piedmont Mortg.*, 856 F. Supp. 1076 (E.D. Va. 1994). *RTC Commercial Loan Trust v. Winthrop Management*, No. 3:96CV117 (E.D. Va. April 15, 1996); *Federal Financial Co. v. Michael T. Hall*, No. 95-1600-A (E.D. Va. Dec. 29, 1995); *Union Recovery, L.P. v. Horton*, 38 Va. Cir. 258 (1995).

FFC contends that the six-year statute of limitations applies because as an assignee of the RTC it succeeds to the same right and privileges held by the RTC. FFC argues that the majority view is that a receiver succeeds to the extended statute of limitations set forth in 12 U.S.C. § 1821(d)(14). 12 U.S.C. § 1821(d)(14)(A)(I) provides:

> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or·receiver shall be:
> (i) in the case of any contract claim, the longer of:
> (I) the six-year period beginning on the date the claim accrues; or
> (II) the period applicable under state law . . . .

The statute is silent as to the rights of assignees of the corporation. FFC contends, however, that the common law principle that an assignee stands in the same shoes as his assignor entitles it to the six-year statute of limitations.

The Court holds that FFC as an assignee of the RTC is entitled to the same six-year period of limitations that the RTC Statute affords the RTC for several reasons.[1] First, the common law principle of assignment is consistent with affording assignees of the FSLIC and FDIC with the six-year period of limitations. The common law principle of assignment provides that an assignee stands in the shoes of his assignor. In applying the assignee/assignor principle to the period of limitations, the D.C. Circuit in *Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.,* opined:

> since an assignee stands in the shoes of his assignor, deriving the same but no greater rights and remedies than the assignor then possessed [citation omitted], the statute of limitations continues to run against the assignee as it had against the assignor before. 452 F.2d 1346, 1357 (1971).

In the instant action, FFC as the assignee stood in the shoes of the RTC, the assignor, and thus received the six-year period of limitations provided in the RTC Statute.

Second, an extension of the *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.,* 315 U.S. 447, 62 S. Ct. 676, 86 L. Ed. 956 (1942), line of cases supports affording private assignees with the same period of limitations afforded to the FDIC and FSLIC. The court held in *D'Oench, Duhme* that secret agreements cannot be raised as a defense against the government when it seeks to endorse a note. The Fifth Circuit has extended the

---

[1] The Court adopts the majority view that assignees of the FDIC and FSLIC are entitled to the same six-year period of limitations as the FDIC and FSLIC. Every federal court which has considered this question has concluded that the extended statute of limitations should be allowed to be claimed by assignees of the FDIC. *See, F.D.I.C. v. Bledsoe, supra; Mountain States Financial Resources Corp. v. Agrawal,* 777 F. Supp. 1550 (W.D. Okla. 1991); *Fall v. Keasler,* 340182 WL 1991 (N.D. Cal. Dec. 18, 1991). The overwhelming majority of state courts which have addressed this issue have also concluded that the benefit of the federal statute of limitations should inure to assignees of the FDIC. *See Central States Resources Corp. v. First Nat'l Bank in Morrill, Nebraska,* 243·Neb. 538, 501 N.W.2d 271 (1993); *Cadle Co. II v. Lewis,* 864 P.2d 718 (Kan. 1993); *Cadle Co. v. Matheson,* 870 S.W.2d 548 (Tex. Ct. App. 1994) (Houston Division); *Martin v. Pioneer Title Co. of Ada County,* 381101 WL 1993 (Idaho Ct. App. July 8, 1993); *Jon Luce Builder, Inc. v. First Gibraltar Bank, F.S.B.,* 451 Tex. Ct. App. 300, 849 S.W.2d 451 (1993) (Austin Division); *Cadle Co. II, Inc. v. Stamm,* 633 So. 2d 45 (Fla. App. 1 Dist. 1994). *Contra, Wamco,* 856 F. Supp. 1076 (E.D. Va. 1994); *Union Recovery, L.P. v. Horton,* 38 Va. Cir. 258 (1995); *Federal Financial Co. v. Michael T. Hall, et al.,* No. 95-1600-A (E.D. Va. Dec. 29, 1995).

*D'Oench, Duhme* doctrine to private assignees of the FDIC and FSLIC. In *Porras v. Petroplex Sav. Assn.*, 903 F.2d 379 (5th Cir. 1990), the court held that where the purchaser of a note is a private assignee, the assignee is entitled to the same protection as the FSLIC. Similarly, the Fifth Circuit has extended the status of a federal holder in due course to private assignees of the FDIC and the FSLIC based upon *D'Oench, Duhme. See Federal Sav. and Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 559 (5th Cir. 1990). The court in *F.D.I.C. v. Bledsoe*, 989 F.2d 805 (5th Cir. 1993), extended the *D'Oench, Duhme* to hold that assignees of the FDIC and the FSLIC are entitled to the same six-year period of limitations as the FDIC and the FSLIC.

Finally, public policy supports extending the assignees of the FDIC and the FSLIC the six-year statute of limitations period. The Court is of the opinion that extending the six-year limitation period to assignees of the FDIC and FSLIC supports Congress' intent in enacting 28 U.S.C. § 2415(a) and 12 U.S.C. § 1821(d)(14):

> To hold that assignees are relegated to the state statute of limitations would serve only to shrink the private market for the assets of failed banks. It would require the FDIC to hold onto and prosecute all notes for which the state statute of limitations has expired because such obligations would be worthless to anyone else. This runs contrary to the policy of allowing the FDIC to rid the federal system of failed bank assets. *F.D.I.C. v. Bledsoe* at 811 citing *Fall v. Keasler*, 340182 WL 1991, 18771 U.S. Dist. LEXIS 1991 (N.D. Cal. 1991).

Additionally, the court in *Martin v. Pioneer Title Co. of Ada County*, 381101 WL 1993 (Idaho Ct. App. July 8, 1993), reasoned that if the six-year statute of limitations were not extended to assignees of the FDIC, the agency would be forced to hold all claims and prosecute them itself, since they would be worthless to all others. The court explained that such a result would be contrary to the policy purposes of the appointment of the FDIC as receiver of the assets of a failed banking institution. The *Martin v. Pioneer* court quoted from Senator Reigle, who was the floor manager during the Senate debate on the conference report on the bill, "the extended statute of limitations periods . . . should be construed by the Federal government by preserving to the greatest extent permissible by law claims that would otherwise have been lost due to the expiration of hitherto applicable limitations period." *Cadle Co. v. Stamm*, at 47, citing *Mar-*

*tin v. Pioneer Title Co. of Ada County*, 1993 WL 381101 (Idaho Ct. App. July 8, 1993).

Thus, when the FDIC was appointed receiver of Federal Savings Bank and obtained the note, the FDIC received the benefit of the six-year statute of limitations under 12 U.S.C. § 1821(d)(14). Upon the FDIC's assignment of Howard's Note, FFC stood in the shoes of the FDIC. Therefore, FFC is subject to the six-year limitation period which began to run on January 20, 1990. Since FFC filed its Motion for Judgment against Howard on May 22, 1995, FFC's action is timely filed. Accordingly, Howard's Plea in Bar is overruled.