United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20476
Summary Calendar

MARK DUANE PRYOR, ET AL,

Plaintiffs,

MARK DUANE PRYOR

Plaintiff-Appellant,

versus

RICHARD C. THALER; TIMOTHY SIMMONS; CRAIG PRICE; SYLVIA PIASTA;
ROBERT GAYLOR; TERRY PICKETT, Captain; JAMES MCKEE; GENE WOODS;
JASON FRAZIER; JOHN PIPKIN; JANIE COCKRELL; LANG SPENCER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-2274
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mark Duane Pryor, Texas inmate # 496264, proceeding pro se, appeals following the district court's grant of summary judgment in favor of Terry Pickett, Timothy Simmons, and Sylvia Piasta on his failure-to-protect claim, and the district court's grant of Pryor's motion to voluntarily dismiss, without prejudice, claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Richard C. Thaler, James McKee, and Jason Frazier. Pryor's action was based on an April 26, 1999, incident in which he was stabbed by a fellow inmate, Emmitt Brager. We AFFIRM.

Pryor first contends that his action should not have been dismissed simply because he did not name the correct defendants. Pryor points to nothing in the record to suggest that he was unable to ascertain the identity of any person who may have been legally responsible for his injuries. He has not shown an entitlement to relief.

Pryor next argues that he has not been permitted proper discovery. The record reveals that Pryor did not move in the district court for additional discovery pursuant to FED. R. CIV. P. 56(f) prior to the district court's grant of summary judgment. His argument is therefore foreclosed. See Potter v. Delta Airlines, Inc., 98 F.3d 881, 887 (5th Cir. 1996).

Pryor contends that his action was dismissed due to the questionable strategy of his appointed counsel. "[T]he sixth amendment right to effective assistance of counsel does not apply to civil litigation." Sanchez v. U.S. Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986). Any potential remedy Pryor may have against his appointed attorney is separate and distinct from his action against the defendants in the instant matter. See id.

Finally, Pryor argues that the district court was under "equivocated and paltering belief" and that the district court relied on "half-truths and out right lies" in dismissing his

claims. He submits that defendants Thaler, Simmons, and Piasta decided, in September 1997, to release Brager from a high security building into the general population and to change Brager's custody classification to "medium custody." We liberally construe Pryor's contentions as an attack on the dismissal of his failure-to-protect claim against these three defendants. See Haines v. Kerner, 404 U.S. 519, 520 (1972),

Our review of the summary judgment evidence reveals that Brager had only one violent offense on his record in the four-year period preceding the attack on Pryor. "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Buchanan v. United States, 915 F.2d 969, 972 (5th Cir. 1990) (internal quotation and citation omitted). Pryor has not shown that the district court erred in granting summary judgment in favor of Simmons and Piasta.

Because Pryor's motion to voluntarily dismiss his claims against Thaler was granted, without adverse conditions, he has no grounds to appeal the dismissal of Thaler. See Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 302 (5th Cir. 1978) (abrogated on other grounds by Federal Sav. & Loan Ins. Corp. v. Cribbs, 918 F.2d 557 (5th Cir. 1990)); FED. R. CIV. P. 41(b).

AFFIRMED.