Paul CALCAGNO *v.* SHELTER MUTUAL INSURANCE
COMPANY and Bill Bledsoe

CA 95-1047                                             934 S.W.2d 548

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1996
[Petition for rehearing denied January 22, 1997.]

*Q. Byrum Hurst, Jr.*, for appellant.

*Matthews, Sanders, & Sayes*, by: *Margaret M. Newton* and *Roy
Gene Sanders*, for appellees.

JOHN MAUZY PITTMAN, Judge. Paul Calcagno appeals from an
order of the Garland County Circuit Court dismissing his com-
plaint.[1] We find no error and affirm.

Summary judgment under Rule 56 of the Arkansas

---

[1] Appellees' motion to dismiss was treated as one for summary judgment. Ark. R. Civ.
P. 12(b)(6).

Rules of Civil Procedure is proper when there is no genuine issue as to a material fact and the moving party is entitled to summary judgment as a matter of law. *Skaggs* v. *Johnson*, 323 Ark. 320, 915 S.W.2d 253 (1996). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.* Where the operative facts of the case are undisputed, as here, we simply determine on appeal whether the appellee was entitled to summary judgment as a matter of law. *Hertlein* v. *St. Paul Fire & Marine Ins. Co.*, 323 Ark. 283, 914 S.W.2d 303 (1996).

The facts are undisputed. Prior to January 1990, appellant applied for automobile insurance with appellee, Shelter Mutual Insurance Company, through its agent Bill Bledsoe. Appellant stated that he told Bledsoe that he wanted "full" coverage and that Bledsoe mentioned underinsured motorist coverage to him. Appellant was involved in a motor-vehicle accident on January 11, 1990, and first learned that he did not have underinsured motorist coverage when he sought to collect benefits. Appellant filed suit against Shelter Insurance on February 22, 1993, and later amended his complaint to include Bledsoe, asserting that Bledsoe was negligent and that as a matter of law he had an implied contract for underinsured motorist coverage pursuant to Ark. Code Ann. § 23-89-209(a) (Supp. 1987).[2] Appellees filed a motion to dismiss stating, in part, that the action was barred by the statute of limitations.

Because we find that the cause of action is barred by the three-year statute of limitations for actions based on an implied contract, we do not reach appellant's argument that it is the insurance agent's responsibility to apprise a policyholder of underinsured motorist coverage. Ark. Code Ann. § 16-56-105(3) (1987).

■ In *Flemens* v. *Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996), the court stated that the statute of limitations for an insurance agent's negligence commences at the time the negligent act occurs, in keeping with the traditional rule in professional malpractice cases. Thus, appellant's claim is barred by the three-year statute of limitations because the statute commenced when Bledsoe took

---

[2] By virtue of Act 209 of 1991, this statute was amended to require that the policyholder reject in writing underinsured motorist coverage. Appellant purchased his policy prior to this requirement taking effect.

appellant's application for insurance prior to the January 11, 1990, accident. Appellant filed his suit in February 1993, which was after the statute had run. We find that the court was correct in dismissing the complaint.

JENNINGS, C.J., and STROUD, J., agree.

MAYFIELD, ROGERS, and NEAL, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I respectfully dissent from the opinion of the majority in this case affirming the circuit court's dismissal of appellant's complaint. The majority holds that appellant's cause of action is barred by the three-year statute of limitations for actions based on an implied contract. In doing so, the majority relies upon *Flemens* v. *Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996), which held that the statute of limitations for an insurance agent's negligence begins at the time the negligent act occurs, and the majority reasons that appellant's claim in the instant case is barred because the statute of limitations began when the agent took appellant's application for insurance. I do not agree because I do not think that negligence is the only cause of action in this case. I think the other cause of action involved in this case is based upon an implied contract, and limitations did not start on that cause of action until it was determined that the tortfeasor in this case was uninsured.

It is undisputed that the appellant purchased automobile insurance from the appellee insurance company but there is a dispute as to whether he was informed about the availability of underinsured motorist coverage as required by Ark. Code Ann. § 23-89-209. In any event, the policy was issued without underinsured motorist coverage. On January 11, 1990, appellant was involved in an automobile accident with Pamela Dehart, and on January 24, 1992, Ms. Dehart's insurance company settled with appellant for the policy limits of $25,000. Appellant's damages were in excess of that amount and he tried to collect under his underinsured motorist coverage. The appellee insurance company denied the claim and appellant filed suit on February 22, 1993.

After filing an answer, the appellee filed a motion to dismiss, which was treated as a motion for summary judgment, and the motion was granted. The majority recognizes that summary judgment should not be granted if there is a genuine issue as to a material fact; however, the majority hold that the operative facts are

undisputed, and the question is one of law. Not so, says the appellant.

The first issue in this case is whether appellant had underinsured motorist coverage. At that time Section 1, of Act 335 of 1987, codified as Ark. Code Ann. § 23-89-209(a) (1987), provided:

> SECTION 1. Every insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance or use of any motor vehicles in this State, shall make available to the named insured underinsured motorist coverage which enables the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle, with coverage limits equal to the limits of liability provided by such underinsured motorist coverage to the extent such coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle.

This statute was amended by Act 209 of 1991 to provide that underinsured motorist coverage shall be provided to the named insured *unless rejected in writing* by the insured. The appellee argued and the majority agrees that appellant purchased his policy prior to this requirement taking effect.

However, in *Shelter Mutual Insurance Co.* v. *Irvin*, 309 Ark. 331, 831 S.W.2d 135 (1992), the Arkansas Supreme Court said: "This case requires our interpreting Act 335 of 1987, codified as Ark. Code Ann. 23-89-209 (1987), which provides that every insurer writing liability insurance in Arkansas on any motor vehicles in the state shall make available underinsured motorist coverage to their named insureds." In that case, the appellee's automobile was struck by a vehicle whose driver was insured by Farmers Insurance Group with a policy bearing liability limits of $25,000 per person. The opinion states: "Appellee's total damages were $42,500, and upon receiving policy limits of $25,000 from Farmer's, appellee became underinsured in the amount of $17,500." Appellee was insured by Shelter, and the accident occurred after Act 335 became effective, but his policy contained no underinsured motorist coverage. After Shelter denied payment, the appellee brought suit alleging that underinsured coverage in the amount of $17,500 should be implied

by operation of law. The trial court agreed and Shelter appealed.

Our supreme court agreed with the trial court's implying underinsured coverage by operation of law, and affirmed the trial court. In doing so, the supreme court discussed Act 335 of 1987 and its subsequent amendments by Acts 209 and 1123 of 1991, and said:

> [T]he General Assembly attempted to ensure no misinterpretation would result so as to exclude insureds from receiving these new and important benefits provided by underinsured coverage.

309 Ark. at 335, 831 S.W.2d at 137-38.

Likewise, in the instant case Act 335 did not contain the "unless rejected" requirement to decline underinsured coverage at the time appellant purchased his policy, but as our supreme court said in *Shelter Insurance*, "the General Assembly clearly set out in the preamble of the Act [335] that it intended the enactment to require insurers to *offer* underinsured motorist coverage to insureds purchasing automobile liability policies." 309 Ark. at 334, 831 S.W.2d at 137. Although the majority opinion does not reach the point of whether there was a genuine issue of fact about the insurance agent having complied with the statute by making underinsured motorist coverage *available* to the appellant at the time he purchased the policy in this case, the trial court held that underinsured coverage was made available to the appellant because he knew the company had such coverage. However, the appellant alleged, in response to appellee's motion to dismiss, that he also told the agent he wanted the maximum coverage. *Shelter Insurance, supra,* held that the trial court should have *implied* underinsured coverage under the circumstances there. It is my position that there was a genuine issue of fact to be decided on this point in the instant case, and summary judgment should not have been granted.

The second issue in this case relates to the statute of limitations. Ark. Code Ann. § 16-56-105(3) (1987) provides that actions on implied contracts must be brought within three years after the cause of action accrues, and a cause of action accrues the moment the right to commence an action comes into existence. *Courtney v. First National Bank,* 300 Ark. 498, 780 S.W.2d 536 (1989). However, underinsurance does not apply until it is determined whether the tortfeasor is in fact underinsured. *See State Farm Mutual Automo-*

*bile Ins. Co.* v. *Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995), where the court said:

> Stated another way, "it is practical and pure common sense that underinsurance should not [apply] until it is determined whether the insured is in fact underinsured."

321 Ark. at 296-97, 901 S.W.2d at 16. The case of *State Farm Mut. Auto Ins. Co.* v. *Thomas*, 316 Ark. 345, 871 S.W.2d 571 (1994), is cited in support of that statement.

Here, appellant settled with the tortfeasor on January 24, 1992, and at that time it was determined the appellant was underinsured and appellant's cause of action accrued. Appellant filed suit on February 22, 1993, well within the three-year statute of limitations, and the majority is wrong in holding that appellant's cause of action is barred, as a matter of law, by limitations.

I think the majority's real error comes from its insistence that the appellant's cause of action is founded on negligence by the insurance company and/or its agent. It is true that such an allegation is made in appellant's complaint. But the complaint also alleges that the appellee insurance company "has breached its contract with the plaintiff and has failed to provide him with the insurance requested and to which they are obligated to provide him under Arkansas law." This, I think, is sufficient to state a cause of action on an implied contract.

Appellant's abstract of this complaint is a little less clear on this point, but the abstract does say: "Shelter is obligated under Arkansas Law to provide underinsured motorist coverage unless rejected in writing by Appellant. There was no written objection [sic]. Shelter refused to pay for the damages in excess of the settlement with the tortfeasor and breached the contract."

Moreover, the motion to dismiss, which was treated as a motion for summary judgment, is abstracted by the appellant as stating, in part, "Appellant's cause of action is based upon an implied contract and the Statute of Limitations is three years." And in response to the motion, the appellant, as abstracted, asserted that "Shelter's motion to dismiss is without merit and should be denied." Also, in the brief in support of the response, the appellant, as abstracted, stated in part, as follows:

> Under A.C.A. 23-89-209 notice of underinsured mo-

torist coverage must be provided. Absent such notice, the coverage has been implied by the Courts. Appellant's deposition indicates that he requested full coverage. Bledsoe states in his deposition that he did not inform Appellant about the underinsured coverage. Since the coverage was never offered, the coverage is implied by law.

The Statute of Limitations is three years but the date the Statute of Limitations begins to run is from the date of the settlement with the tortfeasor. The settlement with the tortfeasor was January 24, 1992. The original complaint was filed on February 22, 1993 which was well within the Statute of Limitations.

It is clear that the appellee insurance company was aware that the appellant claimed liability under an implied contract and that he contended this cause of action arose at the time of the settlement with the tortfeasor.

I would reverse and remand because there is a genuine issue of fact as to whether the insurance company made underinsured motorist "available" to the appellant; therefore, summary judgment was not proper.

ROGERS and NEAL, JJ., join in this dissent.