Paul CALCAGNO *v.* SHELTER MUTUAL INSURANCE
COMPANY and Bill Bledsoe

97–45                                          957 S.W.2d 700

Supreme Court of Arkansas
Opinion delivered December 18, 1997

Q. *Byrum Hurst, Jr.*, for appellant.

*Matthews, Sanders & Sayes*, by: *Margaret M. Newton* and *Roy Gene Sanders*, for appellees.

DONALD L. CORBIN, Justice. ■ Appellant Paul Calcagno appeals the decision of the Garland County Circuit Court dismissing his complaint for negligence and breach of contract against Appellees Shelter Mutual Insurance Company and Bill Bledsoe. The Arkansas Court of Appeals affirmed the trial court's decision. *Calcagno v. Shelter Mut. Ins. Co.*, 55 Ark. App. 321, 934 S.W.2d 548 (1996). We granted Appellant's petition for review of that decision pursuant to Ark. Sup. Ct. R. 1-2(e). When we grant review following a decision by the court of appeals, we review the

case as though the appeal was originally filed with this court. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997). We affirm.

The facts of this case are not in dispute. Appellant was injured in an automobile accident on January 11, 1990. Appellant settled with the tortfeasor for the limits of the tortfeasor's insurance policy on January 24, 1992. Appellant then demanded payment from Shelter for underinsured motorist coverage pursuant to his insurance policy, as his medical damages exceeded the amount of money available from the tortfeasor's insurance. Shelter refused to pay, asserting that Appellant's policy did not include underinsured motorist coverage. Appellant filed his initial complaint against Shelter on February 23, 1993, for breach of contract and for the negligence of Bledsoe, Shelter's agent. The complaint was amended to include Bledsoe as a named defendant in December 1994.

Appellees filed motions to dismiss the complaint on the ground that the three-year statute of limitations barred both causes of action. They argued that the limitations period began to run on January 11, 1990, the date of the accident, and that Appellant's initial complaint filed on February 23, 1993, was untimely. The trial court agreed with Appellees and granted the motions.

It is clear from a review of the abstract that the trial court treated the motions to dismiss as motions for summary judgment, by considering the partial depositions of Appellant and Bledsoe. Where the trial court considered matters outside the pleadings, we will treat the motion as one for summary judgment. ARCP Rule 12(b)(6); *Smothers v. Clouette*, 326 Ark. 1017, 934 S.W.2d 923 (1996). Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the

existence of a material issue of fact. *Pugh*, 327 Ark. 577, 940 S.W.2d 445. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Where it is clear that the statute of limitations bars the action, summary judgment is appropriate. *Alexander v. Twin City Bank*, 322 Ark. 478, 910 S.W.2d 196 (1995).

## I.   *Action Against Bledsoe*

It is Appellant's theory that Bledsoe was negligent in failing to advise him about underinsured motorist coverage at the time he obtained his policy from Shelter, and that Ark. Code Ann. § 23-89-209 (Supp. 1987) required insurance companies and their agents to make such coverage available to the named insured. The parties to this suit agree that the applicable statute of limitations for negligent acts of an insurance agent is three years. *See* Ark. Code Ann. § 16-56-105 (1987); *Flemens v. Harris*, 323 Ark. 421, 915 S.W.2d 685 (1996). The question then is when did the action against Bledsoe accrue.

Appellant contends that the cause of action accrued on the date that he settled his claim with the tortfeasor. He claims that prior to such settlement, he was not in fact underinsured. Appellant relies on the cases of *State Farm Mut. Auto. Ins. Co. v. Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995), and *State Farm Mut. Auto. Ins. Co. v. Thomas*, 316 Ark. 345, 871 S.W.2d 571 (1994), in support of his argument. Appellant's reliance on those cases is misplaced, as neither case presented a question involving the statute of limitations.

In *Flemens*, 323 Ark. 421, 915 S.W.2d 685, which was relied upon by the court of appeals, this court held that in an action for negligence against an insurance agent, the three-year-limitations period begins to run, absent concealment of the wrong, on the date that the negligent act was committed, rather than the date that it was discovered. This court recognized the harshness of this rule to insurance clients, but nevertheless concluded that it would be up to the General Assembly to effect a change in the well-

settled principle that an action for negligence accrues at the time the negligent act is committed.

◾ Here, the alleged negligent act, Bledsoe's failure to make underinsured motorist coverage available to Appellant, occurred on the date that Appellant obtained his insurance policy, which was sometime prior to January 11, 1990. Appellant's initial complaint was not filed until February 23, 1993. Applying the holding in *Flemens*, it is clear that Appellant's claim for the alleged negligent actions of Bledsoe is precluded by the statute of limitations.

## II. Action Against Shelter

Appellant makes an identical argument with regard to his claim for breach of implied contract against Shelter. Appellant asserts that his action against Shelter is one based upon a contract implied in law, as opposed to one implied in fact, because Shelter did not fulfill its statutory duty by making underinsured motorist coverage available to him. Without reaching the issue of whether the action against Shelter is barred by the statute of limitations, we affirm the trial court's ruling on the basis that Appellant did not present proof of a material element of his claim.

At the time that Appellant obtained his insurance policy with Shelter, section 23-89-209(a) provided in pertinent part:

> Every insurer writing automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state shall make underinsured motorist coverage available to the named insured[.]

◾ To sustain his action against Shelter, Appellant must prove that Shelter failed to fulfill its duty under section 23-89-209 to make underinsured motorist coverage available to him at the time he took out his policy with Shelter. It is the act of failing to inform an insured about the availability of underinsured motorist coverage that triggers the trial court's implying such coverage by operation of law. *Shelter Mut. Ins. Co. v. Irvin*, 309 Ark. 331, 831 S.W.2d 135 (1992); *see also Colonia Underwriters Ins. Co. v. Richardson*, 325 Ark. 300, 924 S.W.2d 808 (1996).

■ Appellant has failed to demonstrate that Shelter did not fulfill its duty to make such coverage available to him pursuant to section 23-89-209. In fact, Appellant conceded in his deposition that Shelter did comply with the statutory requirements. When asked by Shelter's counsel if he had previously known about the existence of underinsured motorist insurance, Appellant indicated that he was aware of that type of coverage, but that Bledsoe had told him about it anyway. Thus, Appellant has admitted that Shelter fulfilled its statutory duty by informing him of the existence and availability of underinsured motorist coverage. This court has recognized that summary judgment is proper when an appellant fails to present proof of a material element of his claim. *Bushong v. Garman Co.*, 311 Ark. 228, 843 S.W.2d 807 (1992). We have recently held that where a plaintiff "makes a pivotal admission that goes to the heart of the case," we will affirm the grant of summary judgment. *Sublett v. Hipps*, 330 Ark. 58, 65, 952 S.W.2d 140, 144 (1997).

■ ■ Accordingly, because Appellant's own words contradict the very basis of his claim against Shelter, we conclude that the trial court was correct in ruling that Shelter was entitled to summary judgment. We will affirm the ruling of the trial court if it reached the right result, even though it may have been for a different reason. *Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997).

Affirmed.