UMLIC 2 FUNDING CORPORATION *v.*
Frank W. BUTCHER and Juanita J. Butcher

97-935                                              970 S.W.2d 211

Supreme Court of Arkansas
Opinion delivered June 4, 1998

*Wright, Lindsey & Jennings*, by: *H. Keith Morrison*, for appellant.

*Robert M. Abney, P.A.*, for appellees.

DONALD L. CORBIN, Justice. Appellant UMLIC 2 Funding Corporation appeals the order of the Arkansas County Circuit Court, Northern District, dismissing its foreclosure action against Appellees Frank W. Butcher (deceased) and Juanita J. Butcher. The trial court found that the statute of limitations barred the claim and, further, that Appellant had not refiled the action within one year after the dismissal. Appellant raises two points on appeal, presenting an issue of first impression and of substantial public interest; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1–2(b)(1) and (4). We hold that Appellant's claim is not barred under the statute of limitations, and we reverse.

On March 23, 1989, Appellees executed a promissory note in favor of Grand Prairie Savings and Loan Association (Grand Prairie) in the amount of $30,000. The terms of the promissory note provided that the note was:

> due on demand, if no demand then in monthly installments [of $790.02] beginning April 23, 1989, and continuing on the same day of each month thereafter until March 23, 1990 when a balloon payment in the amount of $24,575.34 will be due.

It is not disputed that Appellees defaulted on the note, having failed to make any payments after December 1, 1989. On January 25, 1990, Grand Prairie went into receivership. The Resolution Trust Corporation (RTC) was appointed as the receiver of the

failed savings and loan on behalf of the Federal Deposit Insurance Corporation (FDIC). The RTC thus succeeded to all of Grand Prairie's rights and interests in the note. The RTC first filed this foreclosure action against Appellees on August 29, 1990. On June 30, 1992, the trial court dismissed the complaint without prejudice for failure to prosecute.

On June 5, 1993, the RTC assigned all of its rights, title, and interest in the note to Appellant, a private corporation. Appellant refiled the case on December 20, 1994, having previously made written demand to Appellees. The trial court denied Appellant's first motion for summary judgment, in which Appellant argued that the six-year statute of limitations found in 12 U.S.C. § 1821(d)(14) (1994) applied to Appellant, as an assignee of the RTC. Appellant alternatively argued that the six-year statute of limitations found in Ark. Code Ann. § 4-3-118 (Repl. 1991) applied. The trial court later denied Appellant's second motion for summary judgment, in which Appellant argued that pending litigation tolled the statute of limitations, and that, as such, the action was not barred by any of the applicable statutes of limitations, including the five-year limitations period found in Ark. Code Ann. § 16-56-111 (Supp. 1989). Appellant argued in the alternative that section 16-56-111 allowed partial recovery.

In response to Appellant's motions for summary judgment, Appellees moved for dismissal of the action on the basis that the entire claim was barred by the limitations period found in section 16-56-111, which governs written instruments. On May 26, 1997, the trial court dismissed the complaint, ruling that the foreclosure action was barred because it fell outside the five-year statute of limitations for written instruments. The trial court also based its decision to dismiss the claim on the fact that the case had not been refiled within one year after the previous dismissal. This appeal followed.

In ruling on Appellees' motion to dismiss, the trial court considered the Appellees' affidavits, Appellees' answers to interrogatories, exhibits, and the parties' briefs in support of and in response to Appellant's motions for summary judgment. As the trial court considered matters other than the pleadings, we address

the motion to dismiss as one for summary judgment under ARCP Rule 56. *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998). Matters to be considered in summary-judgment proceedings include affidavits, depositions, admissions, and answers to interrogatories. *Id.* Rule 56(c) provides for summary judgment when the evidence submitted by the moving party proves that there are no genuine issues of material fact to be determined, and that the moving party is entitled to judgment as a matter of law. *Ragar v. Brown*, 332 Ark. 214, 964 S.W.2d 372 (1998). The nonmoving party must then present proof with proof and demonstrate that a material fact survives. *Id.* We review the evidence presented to the trial court in the light favoring the nonmoving party, resolving all questions against the movant. *Id.* Summary judgment is appropriate where the statute of limitations clearly bars the action. *Id.*

Appellant first argues that the trial court erred in holding that the statute of limitations barred its action, contending that the action was timely under three alternative statutes. Specifically, Appellant argues that the six-year statute of limitations provided in section 1821(d)(14) applies to this promissory note. Appellant alternatively argues for recovery under sections 4-3-118 and 16-56-111. We hold that the federal limitations period is appropriate under the facts of this case; thus, we need not address Appellant's alternative arguments.

Section 1821(d)(14) provides in part:

> *(A)  In general*
>
> Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [Federal Deposit Insurance] Corporation as conservator or receiver shall be —
>
>> (i) in the case of any contract claim, *the longer of* —
>>
>>> (I) the 6-year period *beginning on the date the claim accrues;* or
>>>
>>> (II) the period applicable under State law; and
>
> . . . .
>
> *(B)  Determination of the date on which a claim accrues*

For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of —

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues. [Emphasis added.]

Appellant asserts that this provision applies to private institutions that have been assigned rights and interests from the RTC. Appellant relies on decisions by the Eighth Circuit United States Court of Appeals that have extended federal protection to private transferees of federal institutions. *See, e.g., Community Bank of the Ozarks v. F.D.I.C.*, 984 F.2d 254 (8th Cir. 1993); *Federal Deposit Ins. Corp. v. Newhart*, 892 F.2d 47 (8th Cir. 1989). These decisions are grounded in the common law of assignments and sound fiscal policy. *Newhart*, 892 F.2d 47. Appellant further relies on out-of-state authority from jurisdictions that have extended the six-year federal statute-of-limitations period to assignees and other transferees of federal holders in due course. *See Tivoli Ventures, Inc. v. Bumann*, 870 P.2d 1244 (Colo. 1994); *Cadle Co. II, Inc. v. Stamm*, 633 So. 2d 45 (Fla. App. 1 Dist. 1994); and *Investment Co. of the Southwest v. Reese*, 875 P.2d 1086 (N.M. 1994). We consider it significant that the overwhelming majority of courts to consider this issue have extended the six-year federal limitations period to private-party assignees. *See Cadle Co. II*, 633 So. 2d 45.

In *Newhart*, 892 F.2d 47, the Eighth Circuit extended federal holder-in-due-course status to assignees of the FDIC, in accord with the Supreme Court's decision in *D'Oench, Dhume & Co. v. F.D.I.C.*, 315 U.S. 447 (1942). In *D'Oench, Dhume & Co.*, the Court held that when the FDIC purchases a note in its corporate capacity, the obligor cannot assert defenses based on secret, oral agreements with officials associated with the failed financial institutions. The Court reasoned that such side agreements could adversely affect FDIC-insured assets. The Eighth Circuit held that, under the *D'Oench, Dhume* doctrine (codified at 12 U.S.C. § 1823(e) (1994)), a private transferee acquires the rights of its federal transferor and concluded that the FDIC's protected status runs with notes sold to subsequent purchasers. The Eighth Circuit

explained that a primary purpose of the rule is to encourage the purchase and assumption of failed banks, rather than liquidation of the assets. The court explained further that such purpose would be defeated if subsequent purchasers were denied the same protection.

Because section 1821(d)(14) is silent regarding the rights of transferees and assignees, state courts addressing this issue have looked to the federal courts and the applicable state common law for guidance. *See, e.g., Cadle Co. II*, 633 So. 2d 45. Consequently, there has been a trend of state courts applying their own common law to fill the gaps in section 1821(d)(14) with the generally established rule that an assignee steps into the shoes of an assignor. *Id. See also Federal Financial Co. v. Hall*, 108 F.3d 46 (4th Cir. 1997) (rejecting the district court's holding in *WAMCO, III, Ltd. v. First Piedmont Mortg.*, 856 F. Supp. 1076 (E.D. Va. 1994), that the six-year federal statute of limitations is personal to the RTC and inseparable from the RTC's status of conservator or receiver).

Moreover, subsequent to the time this action was filed, the Arkansas General Assembly codified our fundamental common-law principle with the passage of Ark. Code Ann. § 4-3-203(b) (Repl. 1991), which provides:

> Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee *any right of the transferor* to enforce the instrument, *including any right as a holder in due course* . . . . [Emphasis added.]

■ ■ We adopt the six-year limitations period set forth in section 1821(d)(14), and hold that it applies to private transferees and assignees of federal institutions that serve as conservators and receivers. Section 1821(d)(14)(B) specifies that the statute of limitations begins to run on the *later* of (1) the date that the Corporation is appointed, as conservator or receiver, or (2) the date that the cause of action actually accrued. Here, the RTC was appointed as receiver of Grand Prairie in January 1990. Appellees did not make any payments on the note after December 1, 1989. Thus, employing either date, it is apparent that Appellant timely filed its foreclosure action on December 20, 1994.

■ Additionally, we conclude that the trial court erred in finding that Appellant's claim was barred for its failure to refile the claim within one year of the date that the first claim, filed by the RTC, was dismissed without prejudice. In *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 622, 954 S.W.2d 939, 940 (1997), we emphasized that "[w]hen a nonsuit has been made effective, a new action may be filed within one year of the nonsuit or within the applicable statute of limitations, whichever is longer." Here, the trial court's order of dismissal was expressly without prejudice. Because we have determined that the federal six-year statute of limitations applies, we hold that the trial court erred in finding that the foreclosure action was barred because it was not filed within one year. We therefore reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.