FEDERAL FINANCIAL COMPANY *v.* Wendell H. and
Elizabeth A. NOE

98-381                                        983 S.W.2d 107

Supreme Court of Arkansas
Opinion delivered November 12, 1998

*Barrett & Deacon*, by: *Ralph W. Waddell*, for appellant.

*Warren E. Dupwe, P.A.*, for appellees.

Tom Glaze, Justice. Federal Financial Company ("FFC") appeals the order of the Craighead County Circuit Court which dismissed the FFC's cause of action against Wendell H. and Elizabeth Noe because it was time barred. In so holding, the trial court rejected the FFC's argument that the six-year statute of limitations provided in 12 U.S.C.A. § 1821(d)(14)(A)(i) was applicable. Instead, the trial court barred the FFC's action under Arkansas's five-year statute of limitations as set out in Ark. Code Ann. § 16-56-111 (Supp. 1997).

When the FFC tendered its direct brief in this appeal, and requested the case's certification to this court, the FFC believed that the appeal presented an issue of first impression for this court's determination, making jurisdiction proper under Ark. Sup. Ct. R. 1-2(b)(1) (1998). The FFC was unaware of our five-day-old decision in *UMLIC 2 Funding Corp. v. Butcher*, 333 Ark. 442, 970 S.W.2d 211 (1998), where we had just considered and decided the same statute of limitations issue the parties now raise. Although this case technically no longer involves an issue of first impression, we retain jurisdiction so that the case may be decided without further delay. In general, the issue we are asked to consider is whether the FFC, as an assignee of a promissory note from the Resolution Trust Corporation ("RTC"), is entitled to the benefit of the six-year statute of limitations which federal law provides RTC as the receiver of Unipoint Federal Savings Bank, an insured depository institution which originally held the note. The relevant facts are not in dispute.

On June 9, 1987, the Noes executed a promissory note to Unipoint Federal Savings Bank in the principal sum of $12,150 plus interest at the rate of 10% per annum until July 10, 1992. The terms of the note provided that the Noes were to make 60

monthly payments in the amount of $160.60 commencing August 10, 1987 (and on the 10th of each month thereafter), and a balloon payment of $7,725.72 on August 10, 1992. The note further provided that the Noes would be in default if they failed to make one or more payments on time or in the amount due.

On June 22, 1990, the note was assigned to RTC as receiver for Unipoint. After RTC's appointment, the Noes defaulted on the note by failing to make payments after February 1991. On June 8, 1994, RTC assigned the note to the FFC. The FFC subsequently made demand on the Noes for payment of the amount owed, but the Noes refused to pay according to the demand. As a result of the Noes' refusal, the FFC initiated the underlying suit against the Noes on January 7, 1997, to recover the amount owed on the note, including interest and late charges, and reasonable attorney's fees and costs. The Noes denied that they were indebted to the FFC and claimed that the note had been paid in full. Alternatively, the Noes alleged that the FFC's complaint was barred by Arkansas's five-year limitations period on promissory notes, then codified as Ark. Code Ann. § 16-56-111(a) (Supp. 1989) [now § 16-56-111 (Supp. 1997)].

On November 12, 1997, the FFC moved for summary judgment, arguing that the Noes' defense failed to raise a genuine issue of material fact. The FFC responded to the Noes' pleading of the statute of limitations, asserting that it had timely commenced legal proceedings against the Noes within the six-year statute of limitations for a contract action commenced by a receiver. See 12 U.S.C.A. § 1821(d)(14).[1] The motion was submitted to the court

---

[1] The relevant portions of 12 U.S.C.A. § 1821(d)(14)(A) and (B) provide:
(A) In general. Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be —
  (i)   in the case of any contract claim, the *longer of* —
        (I) the 6-year period beginning on the date the claim accrues;
        or
        (II) the period applicable under State law;
(B) Determination of the date on which the claim accrues. For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the *later of* —
        (i)the date of the appointment of the Corporation as conservator or receiver;

upon the pleadings and briefs of the parties, and on January 27, 1998, the circuit court issued a letter opinion in which it determined that the FFC's action is barred by the Arkansas's five-year limitations period. The circuit court entered its formal order on February 18, 1998, incorporating its earlier letter opinion. The order, citing the case of *Wamco, III, Ltd. v. First Piedmont Mortgage*, 856 F.Supp. 1076 (E.D.Va. 1994), stated that it was clear that 12 U.S.C.A. § 1821(d)(14)(A)(i) does not inure to the benefit of the FFC, and therefore the FFC's action is time barred under Arkansas's five-year statute of limitations. Specifically, the circuit court found that any action instituted by the FFC was barred in February 1996, five years after the Noes' admitted default on the promissory note. The FFC's motion for summary judgment was denied, and its complaint dismissed with prejudice.

As previously mentioned, the facts here are undisputed, thus the outcome of the matter turns on a question of law which we answered in *Butcher*. There, we adopted the six-year limitations period set forth in § 1824(d)(14) of the Financial Institutions Reform Recovery and Enforcement Act (FIRREA), Pub. L. No. 1-1-72, 103 Stat. 277 (1989) (codified in disconnected sections of Titles 12 and 15 of the U.S. Code), and held that it applies to private transferees and assignees of federal institutions that serve as conservators and receivers. *Butcher*, 333 Ark. at 442, 970 S.W.2d at 213. The situation in *Butcher* which we relate below is nearly identical to the one here.

The Butchers executed a promissory note in favor of Grand Prairie Savings and Loan Association, but defaulted on the note in 1989. Grand Prairie went into receivership, and RTC was appointed as the receiver of the failed savings and loan on behalf of the Federal Deposit Insurance Corporation. RTC initiated a foreclosure action against the Butchers, but it was later dismissed by the trial court for failure to prosecute. In 1993, RTC assigned the note to UMLIC 2 Funding Corporation. UMLIC then refiled the case on December 20, 1994, having previously made written

---

or
(ii) the date on which the cause of action accrues.
(Emphasis provided).

demand on the Butchers. The trial court denied UMLIC's motion for summary judgment, in which it argued that FIRREA controlled the statute of limitations question. The Butchers then moved to dismiss the complaint on the basis that the entire claim was barred by Ark. Code Ann. § 16-56-111 (Supp. 1989). The trial court agreed and dismissed UMLIC's complaint, ruling that the foreclosure action was barred because it fell outside the five-year statute of limitations for written instruments. UMLIC appealed the decision. We reversed and remanded the trial court's decision because we held that the six-year statute of limitations contained in FIRREA controlled. *Butcher*, 333 Ark. at 447-448, 970 S.W.2d at 214.

The FFC recognizes and correctly states the reasons why this court adopted the FIRREA limitations period in *Butcher*. First, our decision is supported by the great weight of authority. *Butcher*, 333 Ark. at 446, 970 S.W.2d at 213. Every federal court which has considered the question, including the Eighth Circuit United States Court of Appeals, has concluded that the extended statute of limitations should be allowed to be claimed by assignees of the FDIC or similar receivers.[2] *Cadle Co. II, Inc. v. Stamm*, 633 So.2d 45, 47 (Fla. App. 1 Dist. 1994) (Citations omitted). Similarly, the overwhelming majority of state courts have concluded that the benefit of the federal statute of limitations should inure to assignees. *Id.* Second, our holding in *Butcher* is supported by policy considerations underlying FIRREA. In *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942), the Supreme Court held that the FDIC was protected from the effects of secret agreements which would negatively impact the bank assets from which the

---

[2] RTC enjoys the same protected status as the FDIC and FSLIC. When acting as a receiver of an insured depository institution, RTC is deemed to be an agent of the United States. 12 U.S.C. § 1441a(b)(1)(A). As such, RTC, has the same rights and powers as does the FDIC under FIRREA. 12 U.S.C. § 1441a(b)(4)(A). Thus, although created for different purposes, RTC and FDIC are in all respects identically situated when acting as receivers in the name of the United States under FIRREA. Id. Therefore, because RTC enjoys the same status as the FDIC, the policy considerations supporting extension of the FDIC's protections to its assignees is equally applicable to RTC's assignees, like the FFC in this appeal.

FDIC or FSLIC could satisfy the claims of insured account holders. In *Federal Deposit Insurance Corporation v. Bledsoe*, 989 F.2d 809-810 (5th Cir. 1993), the first federal Circuit Court to address the issue in this case, explained that after *D'Oench, Duhme*, courts have extended this protection to assignees of the FDIC and FSLIC, holding that doing so provides the federal agency with greater ability to fulfill its mission, by being able to sell such assets and use the proceeds to protect the assets of the failed financial institution.

The third and most important reason supporting the *Butcher* decision is that the law of assignments in Arkansas supports giving the FFC the longer limitations period. In 1991, the General Assembly codified our common law rule pertaining to assignees' rights and powers in Ark. Code Ann. § 4-3-203(b) which states that the transfer of an instrument vests in the transferee any right of the transferor to enforce the instrument. Thus, the FFC, as the transferee of the Noes' promissory note, steps into the shoes of the RTC and enjoys its same rights and liabilities under Arkansas law. *See Butcher*, 333 Ark. at 447, 970 S.W.2d at 214.

The Noes submit that the holding in *Butcher* is peculiar to the facts of that case because it was the receiver, RTC, who filed the initial action on the promissory note and not RTC's assignee. The Noes direct this court to its language in *Butcher* wherein we said, "We hold that the federal limitations period is appropriate *under the facts of this case.*" 333 Ark. at 445, 970 S.W.2d at 213 (emphasis provided). The Noes' argument is meritless. The court clarified its decision later in the opinion and expressly stated that we were adopting the six-year statute of limitations available under FIRREA, as well as holding that it applies to private transferees and assignees like UMLIC and the FFC, just as it does to receivers like RTC. *Id.* at 447, 970 S.W.2d at 214. Hence, the *Butcher* holding was not a determination based on facts, but rather was one based on the law. Additionally, the Noes overlook the fact that in *Butcher* the cause of action filed by RTC had been dismissed, and UMLIC had to refile the claim in order to collect on the promissory note. Thus, the suit that was before

this court in *Butcher* was assignee UMLIC's action, not the one filed by RTC. Finally, the Noes fail to cite any convincing authority to support their argument that the RTC, as the receiver, must originate the suit in order for the federal statute of limitations to apply, and we do not consider assignments of error that are unsupported by convincing authority. *See Porter v. Harshfield,* 329 Ark. 130, 139, 948 S.W.2d 83, 87 (1997). It is well to note, though, that other cases have applied FIRREA's six-year limitations period, despite the fact that it was the private transferee or assignee who had filed suit rather than the original receiver. *See, i.e., Union Recovery Ltd. Partnership v. Horton,* 477 S.E.2d 521 (Va. 1996).

█ Applying the *Butcher* holding to the facts of this case, when RTC acquired the Noes' note on June 22, 1990, it was entitled as a receiver under FIRREA to institute actions on the note under the longest period provided by the combined application of subsections A and B of 12 U.S.C.A. § 1821(d)(14). Because the Noes' admitted default in February 1991, under the provision of B(ii), RTC had six years from that date to institute an action. Accordingly, RTC had until February 1997 to sue upon the note. The FFC acceded to RTC's rights when it was assigned the note in June 1994, and the FFC timely filed its complaint on January 7, 1997. Because the trial court erred in dismissing the complaint with prejudice, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.