This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, granting the motion for summary judgment of plaintiff-appellee, Federal Financial Company, against defendant- appellant, Philip Andes, in the amount of $30,027.14.
On September 11, 1987, appellant signed a promissory note with Anchor Savings and Loan Association (Anchor) in the amount of $106,950.00 for the purpose of developing property through his corporation, SABCO, Inc. (SABCO). (Tr. 15-16). Appellant secured this note with certain property in New Jersey. Appellant defaulted on the payments and on three occasions obtained extensions, the dates of the extensions being November 30, 1988, April 17, 1989, and October 2, 1989. (Tr. 21). Anchor appeared as the lender on only the first of the three extensions. (Tr. 22). The latter two extensions named Action Savings Bank (Action) as the lender. (Tr. 22). The exact date of change from Anchor to Action is not known. (Tr. 22, 26).
On July 12, 1990, Action filed a complaint with the Superior Court of New Jersey, demanding foreclosure of appellant's property which secured the loan. The trial court there dismissed this action on July 16, 1993 for want of prosecution. (Tr. 28). Action then sold appellant's property in New Jersey at auction for $96,500.00, and applied these proceeds to the amount due on the note, leaving a principal balance of $10,450.00. Action thereafter attempted to enter into an agreement with one William Sine (Sine), who actually performed labor for SABCO, which would obligate SABCO to pay the principal balance of $10,450.00, plus interest. However, such an agreement never occurred. Subsequent to filing the foreclosure complaint in 1990, Action defaulted, and the Resolution Trust Corporation (RTC) became involved as a conservator and took over the loan deficiency of $10,450.00. (Tr. 25-26).
The RTC auctioned off a package of defaulted loans, and appellee purchased a package containing appellant's loan deficiency in December 1994. (Tr. 8-9). James Meyer (Meyer), a collector for appellee, mailed a letter, dated March 28, 1995, to appellant demanding full payment of $17,618.27. (Tr. 20-23).
Appellee filed its complaint with the trial court on July 26, 1995, demanding payment of the principal $10,450.00, the prior accrued interest on the original amount of the note totaling $15,873.55, and accrued interest on the $10,450.00 in the amount of $3,703.59, for a total of $30,027.14. Appellee subsequently filed a motion for summary judgement and the trial court granted it, and entered judgment in favor of appellee against appellant in the amount of $30,027.14, plus interest from July 25, 1995. This appeal followed.
Appellant's sole assignment of error alleges:
 "The trial court committed prejudicial error by granting appellee Federal Financial Company's motion for summary judgement."
Summary judgement is governed by Civ.R. 56(C), which states, in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
As set forth by the Ohio Supreme Court in Welco Industries,Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346:
 "Under Civ.R. 56, summary judgment is proper when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' (Citation omitted). Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. (Citation omitted)."
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court, in Dresher, supra, further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial. In reviewing a trial court's decision to grant summary judgment, a court of appeals must conduct a de novo review of the record. Renner v. DerinAcquisition Corp. (1996), 111 Ohio App.3d 326.
The first part of appellant's argument asserts that there is a genuine issue of material fact regarding whether he was obligated to pay the deficiency between the original amount of the note and the proceeds from the sale of his New Jersey property which secured the note. Appellant argues that there were no efforts made by Action to demand payment of this deficiency. Furthermore, it is argued, that there was an agreement drafted by Action and Sine whereby SABCO would be obligated to pay the deficiency. Appellant also argues this agreement was offered into evidence accompanied by a letter from Action to Sine restating this agreement. Therefore, appellant urges, there is a material fact in question, namely, whether an agreement was reached which would relieve appellant of his obligation.
Although the agreement between Action and Sine, along with an accompanying letter, were admitted into evidence, this argument must fail. This is an action to collect money for the original note and not to enforce a subsequent agreement. Appellant admitted in his deposition that the original note was in default. (Tr. 20). Also, the agreement between Action and Sine was never signed and is thereby unenforceable. The subsequent letter reinforced this agreement, but the letter itself stated that time was of the essence and if there was no agreement by August 3, 1990, then Action would no longer hold itself out as agreeing to these terms. There was nothing presented in the evidence to demonstrate that such an agreement was made on or before this August deadline, as the drafted agreement remained unsigned. Appellant admitted during his deposition that he had no other documents stating that he was clear of his obligation. (Tr. 25). Therefore, absent any evidence demonstrating that such an agreement occurred, appellant was never relieved of his obligation. Reasonable minds could only conclude that appellant was obligated to appellee for payment of the deficiency on the original note. The first part of appellant's argument fails.
The second part of appellant's argument maintains that there was a genuine issue of material fact regarding the amount due on the deficiency. Appellant states that appellee is demanding $30,027.14. This amount includes principal of $10,450.00, prior accrued interest of $15,873.55, and accrued interest of $3,703.59. Appellee's comptroller, Robert Lawler (Lawler), acknowledged that these were the three amounts comprising this total. (Tr. 23).
Appellee presented evidence demonstrating the schedule of interest, which is two percent above the prime interest rate as stated in the Wall Street Journal. Also, there was evidence calculating the amount of interest accumulating. However, appellant presented a letter dated March 28, 1995, from appellee's collector, Meyer, demanding full payment of $17,618.27 from appellant. When questioned about the discrepancy between the full amount demanded in the letter and the $30,027.14 which was currently being demanded, Lawler stated that the amount in the letter was correct, and included principal and interest, but it did not consider the prior accrued interest of $15,873.55. (Tr. 21-23).
While appellant stated that he did not have knowledge to contradict the amount owed, the letter presented casts some doubt upon the full amount owed. (Tr. 20). If the amount stated in the letter represented the principal amount ($10,450.00) and the accrued interest on this principal ($3,703.59 as of July 10, 1995), which Lawler maintained, then these amounts equal $14,153.59, which is considerably short of the $17,618.27 demanded in the letter. This letter raises the issue of whether appellee relieved appellant of the prior accrued interest, some of the principal, or of the accrued interest on this principal. Viewing this evidence most strongly in favor of appellant, as under Welco, supra, it would be assumed that appellee did relieve appellant of some of the obligation. Therefore, there is a genuine issue of material fact regarding the amount due and the trial court erred in granting summary judgment for $30,027.14. The second part of appellant's argument is well-taken.
While summary judgment was improperly granted regarding the amount owed, it must further be determined whether the trial court erred in granting summary judgment regarding the statute of limitations, which is appellant's third argument. Appellant maintains that R.C. 2329.08 sets forth the proper statute of limitations. R.C. 2329.08 states, in pertinent part:
 "Any judgment for money rendered in a court of record in this state upon any indebtedness which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein, * * * shall be unenforceable as to any deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment. * * *"
Appellant recognizes Section 1821, Title 12, U.S. Code, which provides for a six year statute of limitations. It states:
 "(14) Statute of limitations for actions brought by conservator or receiver
"(A) In general
 "Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be —
 "(i) in the case of any contract claim, the longer of —
 "(I) the 6-year period beginning on the date the claim accrues; or
"(II) the period applicable under State law; and
"(ii) in the case of a tort claim, the longer of —
 "(I) the 3-year period beginning on the date the claim accrues; or
"(II) the period applicable under State law.
 "(B) Determination of the date on which a claim accrues.
 "For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of —
 "(i) the date of the appointment of the Corporation as conservator or receiver; or
 "(ii) the date on which the cause of action accrues."
Under Section 1441a, Title 12, U.S. Code, the RTC is an instrumentality of the United States, and thus the statute of limitations of Section 1821, Title 12, U.S. Code would apply. However, appellant argues that appellee is an assignee of the RTC and thus is not an instrumentality of the United States, so the six year statute of limitations would not apply and R.C.2329.08 applies. Appellant cites WAMCO III, LTD. v. FirstPiedmont Mortgage Corp. (E.D. Virginia 1994),856 F. Supp. 1076, which held that Section 1821, Title 18, U.S. Code does not apply to assignees of RTC. If R.C. 2329.08 applies, there is a two year statute of limitations which began from the judicial sale of appellant's New Jersey property. Since appellee filed this action in 1995, appellant urges that the two year statute of limitations expired and the action should not have been heard.
In the alternative, appellant argues that even if Section 1821, Title 18, U.S. Code applies, there is a genuine issue of material fact regarding the timing of the receivership, as there is nothing demonstrating when Action defaulted resulting in RTC becoming a receiver.
The issue of whether the statute of limitations has run on this action depends upon which statute applies. If R.C. 2329.08
applies, then the statute of limitations would have expired, but if Section 1821, Title 18, U.S. Code applies, then the statute of limitations would not have expired. While Section 1821, Title 18, U.S. Code applies to the FDIC and the RTC, it must be determined whether it applies to an assignee of either of these corporations.
Appellant cites WAMCO III, supra, wherein the federal court refused to apply the six year statute of limitations to an assignee of a conservator or receiver, however, the overwhelming majority of cases hold to the contrary. These cases include: F.D.I.C. v. Bledsoe (C.A.5, 1993), 989 F.2d 805;Mountain States Financial Resources Corp. v. Agrawal (W.D.Okla. 1991), 777 F. Supp. 1550; Fall v. Keasler (N.D.Cal. 1991), 1991 WL 340182; N.S.Q. Associates v. Beychok, (La. 1995),659 So.2d 729; Investment Company of the Southeast v. Reese, (N.M. 1994),875 P.2d 1086; Tivoli Ventures, Inc. v. Bumann (Colo. 1994),870 P.2d 1244; Jackson v. Thweatt (Tex. 1994), 883 S.W.2d 171;Cadle Co. II v. Stamm (Fla. 1994), 633 So.2d 45; Central StatesResource Corp. v. First National Bank (Neb. 1993),501 N.W.2d 271; Cadle Co. II v. Lewis (Kan. 1993), 864 P.2d 718; Martin v.Pioneer Title Company of Vada County (Idaho 1993), 1993 WL 381101.
The foregoing decisions were based upon the common law approach to assignment which the court in Agrawal, supra,
explains as follows:
 "* * * An assignee stands in the shoes of the assignor, and acquires all of the assignor's rights and liabilities in the assignment. This general principle and a strong policy require that the F.D.I.C.'s assignee acquire the six-year limitations period provided by § 1821 (d) (14)."
Ohio has adopted this approach to assignment, as the Ohio Supreme Court in State v. Matthews (1901) 64 Ohio St. 419, stated:
 "The assignee stands in the shoes of the company, the assignor, and has the powers only of the assignor as to the collection of outstanding funds. * * *"
The foregoing decisions are also based upon the legislative intent of Section 1821, Title 12, U.S. Code, which the court inStamm, supra, interprets as follows:
 "* * * By the same token, if assignees of the F.D.I.C. were not allowed to benefit from the six year statute of limitations in FIERREA, the F.D.I.C. would be forced to prosecute all notes for which the state statute of limitations had run, because such claims would be worthless to anyone else. Such a result would be contrary to the policy of ridding the federal system of failed bank assets (Citation omitted)."
While WAMCO III is against the majority of cases, its decision has not hindered this majority view as Beychok, supra
noted WAMCO, but held that the six year limitations period applies to assignees of a conservator or receiver. Therefore, the overwhelming majority of cases hold that an assignee of a conservator or receiver may benefit from the six year statute of limitations pursuant to Section 1821, Title 18 U.S. Code, based upon the common law approach to assignment, which Ohio follows and which is recognized by the legislative intent. Appellee in the case at bar may benefit from this limitation period. Therefore, the statute of limitations is six years and began to run from the time the RTC became conservator of the loan.
Appellant argues that there is a genuine issue of material fact regarding the timing of such receivership. Appellee became the assignee of RTC in December 1994. (Tr. 8-9). Although there is no specific date as to when the RTC became receiver, Action's complaint demanding foreclosure, which was dated July 12, 1990, was presented into evidence. Since it was Action bringing the suit, RTC could not have been the receiver at this time. Assuming RTC became the receiver immediately after the filing of the 1990 complaint, the statute of limitations under Section 1821, Title 18, U.S. Code would not have expired until some time in 1996. Appellee filed the present action on July 26, 1995, which is within the six year statute of limitations of Section 1821, Title 18, U.S.Code. Therefore, underWelco, supra, reasonable minds can only come to the conclusion that the present action was filed within the statute of limitation period, and there was no genuine issue of material fact. Appellee was entitled to judgment as a matter of law, regarding the statute of limitations issue. The third part of appellant's argument fails.
Based upon appellant's failure to present evidence demonstrating his relief from the original note in its entirety, and the proper statute of limitations period being governed by Section 1821, Title 18, U.S. Code, and the evidence demonstrating that RTC became receiver in 1990 at the earliest, the trial court did not commit error in granting summary judgment regarding the finding of an enforceable obligation and the statute of limitations issue. However, based upon the letter from the collector to appellant stating that full payment was $17,618.27, and considering the fact that this amount does not include the prior accrued interest of $15,873.55, the amount due is still in question. Therefore, the trial court committed error in granting summary judgment in the amount of $30,027.14, as it must be determined whether appellee relieved appellant of some of the money due.
The judgment of the trial court is affirmed in part and reversed in part and this cause is remanded for further proceedings according to law and consistent with this opinion.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ------------------------------ EDWARD A. COX, PRESIDING JUDGE