Leslie Wayne KEENE *v*. STATE of Arkansas

CA CR 96-291                                938 S.W.2d 859

Court of Appeals of Arkansas
Division II
Opinion delivered February 12, 1997

*Jerome J. Paddock*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

MARGARET MEADS, Judge. The appellant, Leslie Wayne Keene, was found guilty in a jury trial of delivery of a controlled substance (methamphetamine) and sentenced to ten years in the Arkansas Department of Correction. Appellant argues that the trial court erred in not granting his motion to recuse and in excluding the testimony of Heather Goff. We disagree and affirm.

Prior to trial, appellant filed a Motion to Recuse alleging that the court should recuse because appellant had filed a complaint against the court with the Judicial Discipline and Disability Commission. At a hearing on appellant's motion held September 5,

1995, counsel argued that when allegations are made against a court, there is an appearance that the court's impartiality might be affected. After listening to counsel's argument, the trial judge stated that the mere filing of the complaint is not a basis for recusal and denied appellant's motion.

Appellant argues that the trial judge erred in not granting his motion and in not disqualifying himself. Appellant relies on Canon 3(E) of the Arkansas Code of Judicial Conduct, which provides that a judge shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned.

In *Turner v. State*, 325 Ark. 237, 244, 926 S.W.2d 843, 847 (1996), our supreme court said:

> We turn next to the trial court's decision not to recuse in this case, which Turner claims was error. We note at the outset that a judge is required to recuse from cases in which his impartiality might reasonably be questioned. Ark. Code of Judicial Conduct, Canon 3E(1). However, there is a presumption of impartiality, and the party seeking disqualification bears the burden of proving otherwise. The decision to recuse is within the trial court's discretion, and it will not be reversed absent abuse. An abuse of discretion can be proved by a showing of bias or prejudice on the part of the trial court. (Citations omitted.)

In similar circumstances Arkansas appellate courts have held that the trial judge did not abuse his discretion in failing to recuse. *See Smith v. State*, 296 Ark. 451, 757 S.W.2d 554 (1988) (trial judge did not err in failing to recuse when the appellant raised the possibility of a class action federal lawsuit for failure to promptly arraign him and others); and *Korolko v. Korolko*, 33 Ark. App. 194, 803 S.W.2d 948 (1991) (trial court did not err in refusing to recuse on its own motion where appellant's counsel notified the trial judge by letter that he had filed a complaint against him with the Judicial Discipline & Disability Commission).

Here, the trial judge stated that this is a situation involving "soul-searching," and after giving "thought and consideration" to the motion he felt he could be "fair and impartial" and decide the case in a fair and impartial way. Appellant has not alleged any specific instances of bias or shown how he was prejudiced by the

trial judge's failure to recuse. Moreover, appellant's guilt was decided by a jury which imposed the minimum sentence for the offense. We cannot say that the court abused its discretion in failing to recuse.

Appellant also argues the trial court erred in excluding the testimony of Heather Goff. At trial, Charles Rogers, a confidential informant, testified that on February 16, 1995, he and Detective Larry Fiedorowicz went to appellant's house; appellant got into the detective's pickup truck; and they started down the highway. Appellant said he wanted $25 a quarter (a quarter gram) and that he had only three quarters left. Rogers testified that appellant handed him the "quarters" of what appellant said was and what was later proved to be methamphetamine; he handed them to the detective; and the detective handed appellant a one-hundred dollar bill. Rogers testified that he had used drugs in 1980 and 1982; that he had not used drugs since then; that he has simulated using drugs, which means that he acts "like I am doing it but am not really doing it" in order to earn people's trust; and that he has simulated smoking pot around appellant. Rogers said that it is easier to simulate with marijuana than anything else. You do not even have to suck on the "joint," but just put it to your lips and act like you did.

Appellant proffered the testimony of Heather Goff who stated that she had known Rogers for less than one year, had seen him three or four times, and had seen him smoke a "joint." Ms. Goff also stated that she is familiar with the term "simulation" and has no doubt that Rogers was not pretending.

Appellant argues that the trial court erred in excluding the proffer because the issue of Rogers's drug use had been raised during direct examination and Ms. Goff would have contradicted Rogers. Appellant contends Ms. Goff's testimony was proper impeachment by contradiction.

When a witness testifies on direct examination that he has not committed collateral acts of misconduct, that testimony may be contradicted by extrinsic evidence. *Hill v. State*, 33 Ark. App. 135, 803 S.W.2d 935 (1991). However, we are not persuaded that Ms. Goff's testimony was contradictory. Although

Ms. Goff would have testified that she saw Rogers smoke a "joint," Rogers acknowledged that on occasion he had "simulated" the use of marijuana in order to gain trust.

■ Even if Ms. Goff's testimony was erroneously excluded, the appellate court does not reverse on the basis of nonprejudicial error. *Hardcastle v. State*, 25 Ark. App. 157, 755 S.W.2d 228 (1988). At trial, Detective Fiedorowicz testified that he had worked with Rogers since 1994, and that on the night in question he picked Rogers up at his residence and patted him down. They drove to appellant's residence; Rogers went to the door; and Rogers and appellant came back and got into the car. Rogers then asked appellant how much he had; appellant said he only had three quarter-grams; and appellant instructed the detective to drive off. They drove down the street, and the detective pulled into a parking lot. Fiedorowicz testified that appellant removed three quarter- grams of methamphetamine from his pocket; appellant showed it to Rogers; and Rogers looked at it and handed it to the detective. Fiedorowicz testified that he saw appellant take it out of his right-hand pocket and that he handed appellant $100.

■ Therefore, we believe Rogers's testimony was merely cumulative, and even if the trial court erred in not allowing Ms. Goff's testimony, any error was nonprejudicial.

Affirmed.

COOPER and STROUD, JJ., agree.