SEECO, INC. et al. *v.* Allen HALES, et al.

98–670 969 S.W.2d 193

Supreme Court of Arkansas
Opinion delivered July 9, 1998

*Everett & Mars*, by: *Thomas A. Mars* and *John C. Everett* and *Bethell, Calloway, Robertson, Beasley & Cowan, PLLC*, by: *J. Michael Fitzhugh*, for appellants.

*Smith, Maurras, Cohen and Redd, PLC*, by: *Don A Smith*; *Marilyn J. Eickenhorst*; *James M. Sturdivant, M. Benjamin Singletary, Timothy A. Carney* and *Gable Gotwals*, for appellees.

ROBERT L. BROWN, Justice. This case involves the disqualification of J. Michael Fitzhugh as counsel for appellants Seeco, Inc., Southwestern Energy Company, and Arkansas Western Gas Company (Seeco). Trial in this matter is currently set for September 28, 1998. On June 10, 1998, this court granted the motion of appellees Allen Hales, et al. (Hales) to expedite Seeco's appeal on various matters, and we temporarily stayed the order of the trial court disqualifying Mr. Fitzhugh from the practice of law in Arkansas. Seeco raises four issues in its interlocutory appeal: (1)

the trial judge erred in not recusing in this case because his political opponent, Mr. Fitzhugh, was appearing before him as counsel for Seeco; (2) the trial judge erred in disqualifying Mr. Fitzhugh from the practice of law in this state; (3) the trial judge correctly determined that the conduct of Seeco's counsel, Thomas Mars and Mr. Fitzhugh, was not improper or unethical; and (4) the trial judge erred in finding that Mr. Mars violated Rule 11 of the Arkansas Rules of Civil Procedure.

Our jurisdiction to hear interlocutory appeals limits us to the issue of Mr. Fitzhugh's disqualification by the trial judge. Ark. R. App. P.—Civ. 2(a)8. We affirm the disqualification of Mr. Fitzhugh but modify the trial judge's order to limit the disqualification only to participation as counsel in the present case.

In *Seeco, Inc. v. Hales* , 330 Ark. 402, 954 S.W.2d 234 (1997), this court affirmed the order of Judge Don Langston, certifying a class of more than 3,000 royalty owners, who sought compensatory and punitive damages against Seeco and its subsidiary companies. The amount claimed by the royalty owners exceeds $58,450,000 due to the alleged underpayment of royalties. Following this court's order of remand, Judge Langston entered a scheduling order on February 3, 1998, that called for the completion of discovery by July 15, 1998, and set the trial date for September 28, 1998.

On March 3, 1998, Michael Fitzhugh announced his candidacy for the circuit judgeship currently held by Judge Langston. On March 10, 1998, Mr. Fitzhugh entered an appearance as local counsel for the defendants.[1] Prior to that time, Mr. Fitzhugh had not represented Seeco in this matter. On March 20, 1998, Mr. Fitzhugh officially filed for the judicial position occupied by Judge Langston. On March 27, 1998, Judge Langston wrote to counsel for the parties and advised that he had learned that Mr. Fitzhugh had contacted the judge's case coordinator and suggested the judge's recusal because of his judicial candidacy. Judge Langston

---

[1] The entry of appearance does not contain a filemark, but it shows a certificate of service dated March 10, 1998.

informed counsel by letter that although he had recused in other cases where Mr. Fitzhugh was the only attorney for a particular party due to his candidacy, he was not going to recuse in the present case because (1) he had presided over the case for approximately two years, and (2) Mr. Fitzhugh was not the lead attorney for any of the Seeco defendants.

On April 7, 1998, Seeco filed a motion for Judge Langston's recusal and argued that Canon 3E(1) of the Arkansas Code of Judicial Conduct mandated his recusal because of the candidacy of Mr. Fitzhugh for his judgeship. In an April 28, 1998 response, Hales contended that Judge Langston should not recuse because the addition of Mr. Fitzhugh as local counsel for Seeco was a contrivance by Seeco to create a conflict to force the judge's recusal. That same day, Hales also moved for the disqualification of both Mr. Fitzhugh and Mr. Mars based on a claim that their activities were a forbidden attempt to "judge shop," which was prejudicial to the administration of justice in violation of the Arkansas Rules of Professional Conduct.

Judge Langston conducted a hearing on the motions on June 1, 1998, following which he delivered a written opinion from the bench. He entered an order on June 2, 1998, denying Seeco's motion that he recuse, denying Hales's motion to disqualify Mr. Mars as counsel, and granting Hales's motion to disqualify Mr. Fitzhugh.

■ The sole issue before this court in this interlocutory appeal is the disqualification of Mr. Fitzhugh as Seeco's counsel in the present case and from practicing law in this state generally during his judicial candidacy. The decision to disqualify an attorney is reviewed under the abuse-of-discretion standard. *Berry v. Saline Memorial Hosp.*, 322 Ark. 182, 907 S.W.2d 736 (1995). An abuse of discretion may be manifested by an erroneous interpretation of the law. *Steward v. McDonald*, 330 Ark. 837, 958 S.W.2d 297 (1997); *Ford Motor Co. v. Nuckolls*, 320 Ark. 15, 894 S.W.2d 897 (1995).

In his written order delivered from the bench on June 1, 1998, Judge Langston listed pertinent facts leading up to his decision to disqualify Mr. Fitzhugh as Seeco's local counsel. He specifically referred to the sequence of events, which included Mr. Fitzhugh's announcement of his candidacy for the circuit judgeship on March 3, 1998, and his entry of appearance on March 10, 1998, as counsel of record for Seeco. Judge Langston then granted Hales's motion to disqualify Mr. Fitzhugh on the basis that Rule 8.2 of the Rules of Professional Conduct requires that a lawyer who is a candidate for judicial office comply with the Code of Judicial Conduct, and Canon 4(G) of that Code provides that a judge shall not practice law or appear as counsel in any court in this state. According to Judge Langston's rationale, Mr. Fitzhugh, as a judicial candidate, was the equivalent of a judge and, thus, was precluded from practicing law in the state pending his candidacy.

We believe that the judge erred in the reason given for disqualifying Mr. Fitzhugh. In addition, the scope of his order, which disqualified Mr. Fitzhugh from the practice of law throughout Arkansas during his quest for the judgeship, was too broad. And, finally, the judge was wrong in refusing to assess whether Mr. Fitzhugh's conduct violated the Arkansas Rules of Professional Conduct and in deferring such matters instead to the Professional Conduct Committee.

█ Taking the last point first, we recently stated that the Rules of Professional Conduct are applicable in disqualification proceedings. *Norman v. Norman,* 333 Ark. 644, 970 S.W.2d 270 (1998), *citing Berry v. Saline Memorial Hosp.,* 321 Ark. 588, 906 S.W.2d 297 (1995); *Purtle v. McAdams,* 317 Ark. 499, 879 S.W.2d 401 (1994); *Burnette v. Morgan,* 303 Ark. 150, 794 S.W.2d 145 (1990); *First American Carriers, Inc. v. Kroger,* 302 Ark. 86, 787 S.W.2d 669 (1990). In *Norman,* the trial judge similarly refrained from considering the Rules of Professional Conduct in a case involving disqualification of counsel. We held that the trial judge committed error in this regard, and we heard the issue *de novo* because the facts on the question of a conflict of interest had been fully developed. We determined that because a conflict of interest

did exist, trial counsel should have been disqualified. The same reasoning, as expressed in *Norman v. Norman, supra,* applies to the case presently under consideration. We hold that the issue of whether Mr. Fitzhugh violated the Rules of Professional Conduct is relevant to the issue of his disqualification.

The essential facts surrounding the disqualification issue are not in dispute, and it appears clear to us from those facts that Mr. Fitzhugh participated in a contrived series of events to force Judge Langston to recuse in this case. There is, first, the fact that this litigation had been ongoing for a period of about two years with Judge Langston sitting as the assigned judge. Mr. Fitzhugh announced his candidacy for Judge Langston's judicial position on March 3, 1998; entered his appearance as local counsel for Seeco on March 10, 1998; formally filed for the judgeship on March 20, 1998; and then sometime between March 21 and 27, 1998 questioned whether Judge Langston intended to recuse. In addition, the lead counsel for Seeco, Mr. Mars, attached an affidavit from his paralegal, Vicky Morgan, to Seeco's motion for Judge Langston's recusal, which included a letter from Mr. Mars soliciting campaign donations on behalf of Mr. Fitzhugh. According to Seeco's motion for recusal, Mr. Mars's participation in the Fitzhugh political campaign was additional reason for Judge Langston to recuse.

This court and the Court of Appeals have held in the past that it is impermissible for a party or counsel to create an infirmity for purposes of requiring a judge's recusal. *See, e.g., Smith v. State,* 296 Ark. 451, 757 S.W.2d 554 (1988) (holding that the trial judge was not required to recuse because the appellant raised the possibility of a federal class-action lawsuit for failure of the trial judge to provide prompt arraignments); *Keene v. State,* 56 Ark. App. 42, 938 S.W.2d 859 (1997) (holding that the trial judge was not required to recuse because the appellant had filed a complaint against the judge with the Judicial Discipline and Disability Commission); *Korolko v. Korolko,* 33 Ark. App. 194, 803 S.W.2d 948 (1991) (holding that the trial judge was not required to recuse when the appellant's counsel had filed a complaint against the trial

judge with the Judicial Discipline and Disability Commission). *Cf. Rush v. Wallace*, 23 Ark. App. 61, 69, 742 S.W.2d 952, 956 (1988) ("[A] judge's refusal to disqualify himself cannot be circumvented by a claim that he will be needed to testify during the recusal motion.").

 A litigant, of course, is entitled to counsel of its own choosing. *Saline Memorial Hosp. v. Berry,* 321 Ark. 588, 906 S.W.2d 297 (1995). But that principle is not absolute and must be balanced against other policy considerations such as the issue we have before us today. *Id.* This court has long adhered to a firm and unwavering policy against "judge-shopping" by attorneys, and we will not abide an orchestrated effort to force a judge's removal from a case. Hales argues to this court, as he did to the trial court, that this conduct by Seeco and its counsel is prejudicial to the administration of justice and violates Rule 8.4(d) of the Rules of Professional Conduct. Though this rationale for Mr. Fitzhugh's disqualification as counsel in this case differs from that espoused by the trial judge, we may affirm when a trial judge reaches the right result though for the wrong reason. *Calcagno v. Shelter Mut. Ins. Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997); *Nettleton Sch. Dist. v. Owens*, 329 Ark. 367, 948 S.W.2d 94 (1997). We agree with the trial judge's decision that Mr. Fitzhugh should be disqualified as counsel in this case, though we disagree with the judge's reason for doing so, and we hold that a violation of Rule 8.4(d) provides ample support for the judge's conclusion.

 There is the added point that the option of allowing Mr. Fitzhugh to remain as counsel for Seeco in this case with Judge Langston presiding is an unconscionable one. Two political opponents involved in high-profile litigation mere weeks before the general election presents a highly inappropriate situation, which, we believe, would do nothing more than undermine confidence in the judicial process.

 Judge Langston, of course, not only disqualified Mr. Fitzhugh from participation in the case at bar but also from practicing law before any court in the state during his judicial candidacy. As already indicated, the scope of that order is far too broad

and does not comport with the requirements of the Code of Judicial Conduct. The mere fact that a person is a judicial candidate does not disqualify that person from the practice of law. In fact, ordinarily, it is incumbent upon a sitting judge to recuse in cases where a political opponent is appearing as counsel. *See generally* Ark. Code Jud. Cond. 3E(1).[2] As we understand it, Judge Langston has been doing that in other cases where Mr. Fitzhugh was counsel of record prior to his announced candidacy. As we have already held, that general principle does not pertain to a situation like that before us where the judicial candidate seeks participation in a case of two-year's duration as a device to force recusal. We do, however, modify the judge's order and limit its applicability to the present case.

We are mindful of the fact that the issue of Judge Langston's recusal also arose in 1996 in connection with an alleged royalty interest that the judge and his stepmother had in an oil and gas lease affected by the original complaint. That asserted conflict of interest, it is contended, was later eliminated by an amendment to Hales's complaint. By our decision today, we do not foreclose an appeal at the appropriate time of any recusal matter relating to Judge Langston. Our rules are clear, however, that at this juncture the interlocutory appeal is limited to the issue of Mr. Fitzhugh's disqualification. Ark. R. App. P.—Civ. 2(a)8.

Affirmed as modified.

---

[2] The Judicial Ethics Advisory Committee has issued two advisory opinions on this point. *See* Advisory Opinion 94-05; Advisory Opinion 94-02.