Joyce WHALEY and Keith Whaley *v.*
KROGER COMPANY

02-874                                              98 S.W.3d 824

Supreme Court of Arkansas
Opinion delivered February 28, 2003

*McCullough Law Firm*, by; *R.S. McCullough*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson* and *Christine A. Cryer*, for appellee.

W. H. "DUB" ARNOLD, Chief Justice. This appeal arises from a personal-injury case arising out of an alleged electrical shock at a Kroger store in Dewitt, Arkansas, in August 1997. The case was tried before a jury on January 22, 2002,

which resulted in a unanimous defense verdict. In this appeal, appellants do not question anything about the trial, evidence, rulings of the trial court, the jury verdict, or the sufficiency of the evidence in support of the defense verdict. Rather, appellants' sole ground for appeal is whether the trial court committed reversible error in failing to disqualify appellee Kroger's counsel on the basis of a September 19, 2001, letter concerning settlement negotiations. In that letter, appellee expressed a desire to continue negotiating, but would do so only if appellants withdrew a motion for sanctions which was based upon an order compelling discovery, which appellee argues it never received. There was a hearing on the matter on September 25, 2001, but the trial court did not rule on the motion to disqualify at that time. Appellants renewed the motion to disqualify on the morning of trial, and the trial court denied the motion.

Appellants argue that during attempts to settle this case before trial, appellee took the position that it would not settle with appellants unless and until appellants withdrew a motion for sanctions which was filed based upon appellee's failure to timely answer discovery demands. Appellants state that while appellee, at times, tried to refute the fact that it had received communications relative to the same and the trial court's order in regards to the same, appellee had filed replies and made responses that indicated that it had received the materials. Appellants assert that the difficulty in this case is based upon the fact that a motion to disqualify appellee's counsel was filed by appellants after appellee's counsel personally interjected himself into the litigation by taking certain matters personally, rather than professionally, and decided that not only would the instant matter not be settled, but that in the future other cases that he might have with appellants' counsel would also be subject to "non-settling," based on appellee's counsel being upset by the filing of the motion to compel.

Appellants contend that the conduct of appellee's counsel went beyond zealous representation, and became personal conduct with a "vent of personal animus that went beyond the bounds of the authorized and desired practice of law." Appellants assert that appellee's counsel should have been disqualified from this matter based upon the conduct that appears to violate the Model Rules

of Professional Conduct in that counsel was placing his own personal interest into the matter. Appellants contend that when counsel becomes personally involved in a matter where judgment is likely to be clouded or he has an interest in the matter, the same should recuse or be disqualified. Model Rule of Professional Conduct 1.7. According to appellants, appellee's counsel allowed himself to become personally involved due to the terms of his letter, pleadings, and comments in regard to the problems appellants perceived in this matter. Based on all of the above, appellants state that appellee's counsel should have removed himself from this matter, and when that did not occur, the trial court should have disqualified appellee's counsel. Appellants assert that the trial court committed error relative to this matter by not removing appellee's counsel. *Seeco, Inc. v. Hales*, 334 Ark. 134, 969 S.W.2d 193 (1998); *American Carriers Inc. v. Kroger*, 302 Ark. 86, 787 S.W.2d 669 (1990).

Appellants argue that, based on the above, this court should enter an order reversing this matter and directing that appellee's counsel be disqualified, and that this matter should be restored to the trial court's calendar. Otherwise, the prohibitions and sanctions relative to the Model Rules of Professional Conduct violations will not be perceived by appellee and appellee's counsel to have any "teeth" or remedy, and any violations that occur will not and cannot be otherwise addressed. We disagree and affirm the trial court.

Appellants do not provide this court with any factual basis or legal authority for the proposition that Kroger's counsel should have been disqualified. The only evidence having any bearing on the motion to disqualify is a September 19, 2001, letter from appellee's counsel to appellants' counsel. That letter expressed appellee's desire to continue settlement negotiations, provided that appellants' counsel withdraw a motion for sanctions which was based upon an order compelling discovery, which appellee's counsel states he never received.

Furthermore, appellants do not show how appellee's counsel placed his personal interests over the interests of his client. The jury verdict attests to the fact that appellee's counsel adequately

looked after the interests of Kroger, and the trial of the case went forward without any problems. Appellants do not allege any defect or irregularity in any phase of the trial, argument or conduct of counsel, the introduction of evidence, or the sufficiency of the evidence.

This is not a situation where there is a conflict of interest, former representation, or even the appearance of impropriety. Appellants do not allege any former relationship or representation by appellee's attorney or his firm; rather, the record in this appeal contains one letter that referenced a settlement offer and a desire to continue negotiating, but requested that appellants withdraw a baseless motion for sanctions as a prelude to further negotiations. This letter evidences no personal animus or how such animus, even if true, was prejudicial to the fair and impartial administration of justice.

■■ This court has stated:

> Disqualification is an absolutely necessary measure to protect and preserve the integrity of the attorney–client relationship; yet it is a drastic measure to be imposed only where clearly required by the circumstances. We must never forget that a disqualification, though aimed at protecting the soundness of the attorney-client relationship, also interferes with, or perhaps destroys, a voluntary relationship by depriving a litigant of counsel of his own choosing oftentimes affecting associations of long standing. The role of the court is to balance the current client's right to counsel of choice with the former client's right to protection of confidences transmitted, or likely to have been acquired, during the prior representation.

*Burnette v. Morgan*, 303 Ark. 150, 794 S.W.2d 145 (1990). Therefore, disqualification would be appropriate in a case where appellee's counsel or firm has had a former relationship with appellants, and this is not the case here and has not even been alleged. Thus, this is not a conflict of interest or situation where appellee's counsel or his firm obtained confidential or proprietary information from appellants.

■ Appellee further submits that it has been required to go to the time and expense of defending this frivolous appeal in a

motion for sanctions before this court. Appellee contends that this appeal has been prosecuted with absolutely no factual or legal support, and for these reasons and pursuant to Rule 11 of the Rules of Appellate Procedure—Civil, it filed a motion for sanctions for the imposition of costs and a reasonable attorney's fee to be assessed against appellants' counsel personally. We agree, and grant appellee's motion for sanctions.

A review of this case confirms that there is no violation of any of the Model Rules of Professional Conduct by appellee's counsel. Further, there is no factual or legal support for this appeal. For these reasons, sanctions are appropriate and are assessed against appellants' counsel, personally. Appellee certified that it took ten hours to review the record, conduct research, draft and finalize its appeal brief in this case. Appellee's counsel's hourly fee is $150.00; therefore $1,500.00, plus costs, is assessed against appellants' counsel to be paid to appellee.

Affirmed.