Cite as 2025 Ark. 193

# SUPREME COURT OF ARKANSAS

**No.** CV–24–782

| | |
|---|---|
| PINNACLE IN HOME CARE, LLC<br>APPELLANT<br><br>V.<br><br>1 SOURCE SENIOR CARE, LLC<br>APPELLEE | **Opinion Delivered:** December 4, 2025<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-21-1883]<br><br>HONORABLE JOHN THREET, JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

This is an interlocutory appeal from the Washington County Circuit Court's order disqualifying attorneys Timothy Hutchinson and Scott Tidwell, along with their law firm RMP LLP, as counsel for appellant Pinnacle In Home Care, LLC (Pinnacle). On appeal, Pinnacle argues that (1) the circuit court erred when it disqualified Pinnacle's counsel because Pinnacle's position is not "materially adverse" to its codefendants; and (2) appellee 1 Source Senior Care, LLC (1 Source), moved to disqualify opposing counsel for tactical purposes. We have jurisdiction pursuant to Arkansas Supreme Court Rule 1–2(a)(5), as this appeal pertains to this court's power to regulate the practice of law. We affirm.

## I. *Background*

Pinnacle and 1 Source are competitors that are both licensed to provide targeted case-management and personal-care services. On August 27, 2021, 1 Source filed its initial complaint against Pinnacle and individual defendants Sarah and Anthony Sanchez, both of

whom were Pinnacle employees at the time of filing. The complaint alleged that the Sanchezes, former 1 Source employees, had breached noncompete agreements to leave for Pinnacle; defamed 1 Source; violated confidentiality agreements, as well as their duty of loyalty; and committed conversion. In addition, 1 Source asserted that defendants had tortiously interfered with its business relationships, were unjustly enriched, and were collectively involved in a civil conspiracy.

Tim Hutchinson, of the law firm RMP LLP, filed an answer on behalf of all defendants, wherein it acknowledged that Sarah is deceased. As a result, 1 Source moved to appoint a special administrator and for substitution of that administrator in place of Sarah.

RMP subsequently moved to withdraw as counsel for the Sanchezes due to Sarah's death and the fact that Anthony was no longer employed by Pinnacle. RMP noted that Anthony leaving Pinnacle's employ "created a potential conflict of interest" between the two parties. The circuit court granted the motion and permitted Hutchinson to withdraw as the attorney of record for the Sanchezes.

The circuit court later held a hearing on 1 Source's motion for appointment of special administrator for Sarah. No one appeared for any of the defendants. The circuit court granted the motion and appointed Anthony as special administrator for his late wife and substituted him as a party in her place.

During the pending litigation, Amanda Sumpter also left 1 Source to work for Pinnacle, allegedly in violation of her noncompete agreement. As a result, 1 Source filed an amended complaint adding Sumpter as a defendant. Hutchinson and Scott Tidwell, also an attorney with RMP, filed an answer to the amended complaint on behalf of Pinnacle and

Sumpter. No answer was filed on behalf of the Sanchezes. After Sumpter left her employment with Pinnacle, RMP moved to withdraw as counsel for her, again noting the potential conflict of interest between Sumpter and Pinnacle. The circuit court granted the motion.

In March 2023, 1 Source submitted requests for admission to Anthony individually and in his capacity as special administrator for Sarah. Anthony never answered the requests for admission, and they were therefore deemed admitted. Although the requests were not directed to Pinnacle, it nevertheless filed responses averring that any "admission or failure to deny any of these requests should not be imputed to Pinnacle."

1 Source subsequently filed a second amended complaint. RMP filed a response on behalf of Pinnacle. Neither the Sanchezes nor Sumpter filed an answer.

On January 8, 2024, RMP filed notices to depose its former clients, Anthony and Sumpter. 1 Source later moved to disqualify RMP from representing Pinnacle. In its motion, 1 Source asserted that RMP had a conflict of interest between its current client, Pinnacle, and its former clients, the Sanchezes and Sumpter. According to 1 Source, this conflict violated Rule 1.9 of the Arkansas Rules of Professional Conduct. Following a hearing on the motion, the circuit court entered an order disqualifying Hutchinson and Tidwell, along with their firm RMP, from representing any of the defendants in this case. Accordingly, Hutchinson and Tidwell were removed as counsel of record for Pinnacle. This appeal followed.

## II. *Discussion*

On appeal, we review a circuit court's decision to disqualify an attorney under an abuse-of-discretion standard. *Sturdivant v. Sturdivant*, 367 Ark. 514, 241 S.W.3d 740 (2006). An abuse of discretion may arise from an erroneous interpretation of the law. *Craig v. Carrigo*, 340 Ark. 624, 12 S.W.3d 229 (2000). The Arkansas Rules of Professional Conduct are applicable in disqualification proceedings. *Park Apts. at Fayetteville, LP v. Plants*, 2018 Ark. 172, 545 S.W.3d 755. And the issue of whether an attorney violated the Arkansas Model Rules of Professional Conduct is relevant to the issue of his or her disqualification. *SEECO, Inc. v. Hales*, 334 Ark. 134, 969 S.W.2d 193 (1998).

At issue in this case is whether RMP's continued representation of Pinnacle created a conflict of interest under Rule 1.9 of the Arkansas Rules of Professional Conduct, which provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are *materially adverse* to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Ark. R. Prof'l Conduct 1.9(a) (emphasis added). Pinnacle argues that the circuit court erred by disqualifying RMP as counsel because its position is not "materially adverse" to its codefendants.

In its complaint, 1 Source alleges that separate defendants acted within the course and scope of their employment with Pinnacle and at Pinnacle's encouragement to commit tortious acts. This necessarily creates a tension between defendants as to the attribution of liability. Were separate defendants acting for their own benefit or for the benefit of Pinnacle and at its behest?

4

In *First American Carriers, Inc. v. Kroger Co.*, we affirmed the disqualification of counsel, concluding that a conflict of interest existed between the firm's former client and its current clients in the same matter. 302 Ark. 86, 787 S.W.2d 669 (1990). We recognized that the "appearance of impropriety" prohibition of Canon 9 of the American Bar Association Code of Professional Responsibility was not part of the Model Rules of Professional Responsibility, which we have adopted. 302 Ark. at 90, 787 S.W.2d at 671.[1] Nevertheless, we found the principle of Canon 9 applies "because its meaning pervades the Rules and embodies their spirit." *Id*. at 92, 787 S.W.2d at 672.[2] In consideration of both Rule 1.9 and Canon 9, we concluded that the interests of the defendants were "adversarial as the issue of relative fault between these parties will be litigated." *Id*. at 93, 787 S.W.2d at 673. Likewise, defendants in this case will be in an adversarial position as the issue of individual liability is litigated.

Moreover, certain admissions that were deemed admitted after Anthony failed to file a response contained material facts adverse to Pinnacle's position, such as the admission that Pinnacle instructed and encouraged Anthony "to contact 1 Source clients and make derogatory and defamatory statements about 1 Source in an attempt to induce the clients to stop doing business with 1 Source and move their business to Pinnacle." In its answer, Pinnacle denied that the Sanchezes made defamatory statements while within the scope of

[1]Canon 9 provides that "[a] lawyer should avoid even the appearance of professional impropriety."

[2]Comment 10 of Rule 1.9 does provide that a "duty  to avoid the appearance of impropriety discussed in Comment [37] to Rule 1.7 is likewise applicable to Rule 1.9 and Rule 1.10." Ark. R. Prof'l Conduct 1.9 cmt. [10].

their employment. This further illustrates the adversity between Pinnacle and separate defendants.

Pinnacle responds that its interests are aligned with those of separate defendants in denying the allegations made in 1 Source's complaint. It further suggests that it will pursue a common defense. Yet this claim is belied by Pinnacle's answer to 1 Source's second amended complaint, wherein it affirmatively pleaded that 1 Source's "damages or losses, if any, were caused by persons over whom Pinnacle had no control and for whom Pinnacle is not responsible." Thus, Pinnacle has made clear that it will disavow the actions of separate defendants if necessary to avoid liability. Even more, RMP acknowledged in its motions to withdraw "potential conflict[s] of interest" arising between Pinnacle and separate defendants now that separate defendants were no longer employed with Pinnacle. As such, we conclude that the interests of defendants in this case are materially adverse, and therefore, RMP's representation of Pinnacle cannot continue under Rule 1.9.

Pinnacle also argues that 1 Source moved to disqualify RMP for tactical reasons. We review a circuit court's decision to disqualify under an abuse-of-discretion standard; we do not attempt to ascertain opposing counsel's motive for filing a motion. Because the circuit court did not abuse its discretion by disqualifying RMP, we affirm.

Affirmed.

Special Justice TIFFANY BROWN joins.

WOOD, J., not participating.

*RMP LLP*, by: *Timothy C. Hutchinson* and *Mallory D. Shamoon*, for appellant.

*Littler Mendelson, P.C.*, by: *Eva C. Madison* and *Kyle D. Kennedy*, for appellee.

6